CITIZENS' FIRE INSURANCE COMPANY v. LORD.

Opinion delivered October 2, 1911.

1. PLEADING—AMENDMENT.—It was not error to permit the complaint to be amended to conform to proof introduced without objection. (Page 216.)

2. INSURANCE—AUTHORITY OF AGENT TO WAIVE PROOF OF LOSS.—An agent having authority to receive and pass upon applications for insurance, to issue policies, receive premiums and make adjustment of losses, is authorized to waive the condition in a policy as to proof of loss. (Page 216.)

3. APPEAL—HARMLESS ERROR.—The admission of incompetent testimony to prove an admitted fact is not prejudicial. (Page 217.)

Appeal from Union Circuit Court; *G. W. Hays*, Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was instituted by appellee against appellant to recover on a fire insurance policy. The appellee alleged the issuance of the policy, the payment of the premium, and the loss by fire on the 1st day of January, 1909, while the policy was in force. He alleged that he had no other insurance on the merchandise and household goods insured by the policy. He alleged that after the loss he gave to appellant notice thereof on the 27th day of February, 1909, by delivering to appellant an account of said loss signed by appellee and verified by his oath containing all the particulars required to be stated therein by the terms of the policy. He alleged by amendment after the evidence was concluded, and over appellant's objection, that appellant waived proof of loss under the policy by stating through its agent that it would not pay the policy. It was alleged that the actual value of the property was at least $625.

The prayer was for judgment in the sum of $400 and for attorney's fee and costs.

Appellant set up among its grounds of defense:

1.  That appellee at the time of the issuance of the policy sued on had insurance in the Des Moines Fire Insurance Company, which fact he concealed from appellant, and which fact under the terms of the policy precluded recovery by appellee.

2.  That appellee had never furnished to appellant the proof of loss, required by the terms of the contract to be furnished appellant within sixty days after the destruction of the property by fire.

Appellee exhibited the policy of insurance, and testified as to the loss and the value of the property destroyed. He further testified that he made out and sent proof of loss to one McNally, that the proof of loss was sworn to. He stated that he told Reynolds, the insurance agent, that he had two hundred dollars insurance on household goods and eight hundred dollars on the property, and that he wanted two hundred dollars on household good and two hundred dollars on the commissary. He told the agent that he had other insurance, that Mr. Powell had it. Powell was the agent of the Des Moines Fire Insurance Company, and the policy was taken out in that company. He further testified that he talked with Reynolds about the payment of the policy after the fire. In the first conversation Reynolds stated that he believed he could settle for nine-thirteenths of the amount of the policy, and that the company hardly ever paid the full amount. In the next conversation, which was just seven or eight days after the fire, Reynolds said he could not settle at all.

The testimony of McNally shows that he placed in the mail, February 17, 1909, the proof of loss duly verified by appellee, and addressed it to the Citizens Bank, Clarksville, Arkansas. A. P. Reynolds testified: That he was the local agent of the company in El Dorado. He could issue policies and could approve the same for persons desiring insurance. He wrote the policy for appellee, who paid the premium on same, amounting to nine dollars. Appellee, said nothing to him about having additional or other insurance on the household goods saved. He had no intimation of any such insurance until after the fire. Appellee told him there was "about $50 worth of the household goods saved." They estimated that the sum of $50 should be deducted from the policy, pro-

vided the company paid him. He never refused payment, never said anything to appellee about paying nine-thirteenths of his insurance.

The secretary of the company testified that the company never received any proof of loss. It was his duty to receive such papers when in his office, and when absent the stenographer opened the mail and put it all on his desk. It would have been almost impossible for the proof of loss to have been overlooked, had it been received. There was nothing done by his office waiving proof of loss. No demand was made for the books of the company to be turned over to the adjuster for inspection.

The court gave instructions in effect telling the jury that appellee was entitled to recover provided he had complied with the conditions of the policy as to him. The instructions also told the jury in effect that if the appellee had failed to comply with the conditions of the policy as to the proof of loss he could not recover unless the appellant had waived a compliance with such condition on the part of appellee. The instructions also told the jury that if appellee had additional or other insurance at the time of the issuance of the policy he could not recover unless he notified the company at the time of such additional insurance.

The verdict and judgment were for the appellee in the sum of $424 with 12 per cent. penalty, and the court fixed an attorney's fee for appellee of $75.

*R. G. Harper* and *G. O. Patterson*, for appellant.

1. The original complaint alleges that appellee furnished proof of loss within the time and in the manner required by the policy. The defense of waiver rests upon the theory alone of failure to furnish proof, and that such failure was induced by the conduct of the insurer in refusing payment or denying liability under the policy. The amendment was, therefore, improperly permitted, being at variance and inconsistent with the original complaint.

2. Before the defense of waiver can be availed of as an estoppel, it must be shown that some authorized agent of the insurer unconditionally denied liability on the part of the insurer, and refused payment of the policy. The proof does

ITIZENS' FIRE INS. CO. *v.* LORD.

not show that the local agent, Reynolds, had any such authority. 19 Cyc. 854, par. 4; 81 Ill. App. 258; 60 Ark. 532; 121 Mass. 439; 30 L. R. A. 346; 65 Mo. App. 304; 2 May on Insurance, 469; 60 Vt. 682; 121 Mass. 439, 441; 59 Fed. 732. The burden of proof was on the appellee to show not only that the agent, Reynolds, made statements amounting to a waiver but also to show that he was authorized to represent appellant in adjusting the loss. 40 Neb. 700; 90 Ia. 457.

3. In the absence of an allegation in the complaint that the agent had knowledge of concurring insurance, it was erroneous to admit testimony to prove such knowledge. This defense, if proved, would amount to an estoppel on the part of appellant to deny liability on account of concurring insurance. 8 Enc. Pl. & Pr. 7; 12 Ark. 769.

Appellee, *pro se.*

There was no error in permitting the amendment, since the granting or refusing of an amendment is a matter resting in the sound discretion of the court, and such discretion will not be controlled except where it has been grossly abused. 26 Ark. 360. Where testimony is introduced without objection, tending to prove a different issue from that made by the pleadings, they may be amended to conform to the proof, even after the trial. 42 Ark. 57, 60; 29 Ark. 323; 58 Ark. 504, 506; 62 Ark. 431; 67 Ark. 426; Kirby's Dig. § § 6140, 6145. Not only was the testimony introduced without objection, but appellee controverted it with rebuttal testimony, hence appellant's substantial rights were in no wise affected by the amendment.

An agent with power to effect insurance, countersign policies and collect premiums, has *prima facie* power to waive proof of loss, and evidence of such waiver is admissible under an allegation that they were furnished. 2 May on Insurance (4 ed.), 1374, § 589.

2. Under the proof, there is little, if any, doubt of Reynolds' authority to waive proof of loss. Moreover, in the absence of notice of a limitation of the power of an agent in this respect, one who deals with him has the right to presume that he has power to waive the proof of loss. 12 Ky. Law Rep. 846; 110 Ala. 201; 49 Kan. 178; 40 N. Y. Sup. 300.

Not only does the evidence show that Reynolds was a general agent of appellant with power to waive proof of loss, but it also shows that he was a special adjuster for the company whose acts as such were acquiesced in by it.   If he was a special adjuster, or if he assumed to act as such and the company acquiesced therein, he had authority to waive proof of loss, and did so by refusing payment.   74 Ark. 72-79;   53 Ark. 494;  62 Ark. 348;  63 Ark. 188.

3.   There was no error in admitting testimony to show knowledge on the part of Reynolds of concurring insurance, without amending the complaint.   This testimony was introduced without objection on the part of appellant, who introduced other testimony to contradict it.   The complaint will, therefore, be treated as amended.   29 Ark. 323;  40 Ark. 352.

WOOD, J., (after stating the facts).   1.   The appellant contends that the court erred in permitting appellee to amend his complaint after the evidence was adduced so as to allege a waiver of the proof of loss.

The court did not err in allowing the amendment.   The appellee had, without objection on the part of appellant, introduced evidence tending to show a waiver on the part of appellant of the proof of loss, and appellant introduced evidence in rebuttal.

The amendment did not change the issue, and, even if it had, it was within the discretion of the court to permit it, since the parties had virtually in advance consented to the change by the evidence adduced.   *Burke* v. *Snell*, 42 Ark. 57-60; *Hanks* v. *Harris*, 29 Ark. 323;   *McMurray* v. *Boyd*, 58 Ark. 504, 506;   *Shattuck* v. *Byford*, 62 Ark. 431;   *Bank of Malvern* v. *Burton*, 67 Ark. 426.   Under the liberal statutory provisions in regard to amendments, the amendment was proper, and appellant could not have been misled by it. Sections, 6140-6145, Kirby's Digest. The amendment was well within the general issue raised by the pleadings, which was the liability of appellant.   Where a local agent has power to effect insurance, countersign policies and collect premiums, he has also *prima facie* power to waive proof of loss, and evidence of such waiver is admissible under an allegation that they were furnished.   *Nickell* v. *Phoenix Ins. Co.*  144 Mo. 420;  2 May on Ins. § 589.

2.   The appellant also contends that the agent Reynolds had no power to waive the proof of loss, he being only a local special agent.   But the agent, Reynolds, himself testified that "he could issue policies and approve the same for persons desiring insurance."   There was also evidence on behalf of appellee that tended to prove that Reynolds assumed to have authority to make the adjustment of the loss.   Reynolds was present when this testimony was introduced, and neither he nor any one else for the company pretended to deny that he had such authority.

An agent having authority to receive and pass upon applications for insurance, to issue policies, receive premiums, and make adjustment of losses certainly has the power to waive the condition in the policy as to proof of loss.   *German Ins. Co.* v. *Gibson,* 53 Ark. 494;   *German-American Ins. Co.* v, *Humphrey,* 62 Ark. 348;   *Phoenix Ins. Co.* v. *Public Parks Imp. Co.,* 63 Ark. 188;   *Greenwich Ins. Co.* v. *State,* 74 Ark. 72, 79;   *Phoenix Ins. Co.* v. *Munger,* 49 Kan. 178.   See also *McGuire* v. *Hartford Ins. Co.,* 40 N. Y. Supp. 300.   See also *Nickell* v. *Ins. Co.,* 144 Mo. 420.

3.   What we have already said in regard to amendments disposes of the contention of appellant that the court erred in permitting appellee to testify that the agent Reynolds had knowledge of the additional insurance at the time he issued the policy to appellee, there being no allegation in the complaint that the agent had such knowledge.   There being no objection to the evidence, the complaint could be considered as amended to conform to it if such an allegation were necessary.   *Hanks* v. *Harris,* 29 Ark. 323;   *Healy* v. *Conner,* 40 Ark. 352.

4.   The appellant was not prejudiced by the refusal of the court to permit it to introduce in evidence the policy of appellee with the Des Moines Insurance Company.   The appellee admitted that he had insurance on the same property in that company, and the fact was not controverted at all by him.

5.   The contention that the judgment should be reduced in any event in the sum of $50 can not be considered here, as it was not made in the court below.

The judgment is therefore affirmed.