St. Francis Box & Lumber Co. *v.* Perry & Co.

Opinion delivered October 23, 1916.

1. Conflict of laws—contract of insurance made in another state. A contract of insurance made in another State will be treated as valid here, if it is valid in the State where it is made.

2. Conflict of laws—insurance—contract made in another state. A contract made in New York is not rendered invalid in Arkansas, because one of the parties, which was a foreign corporation had not complied with the laws of the State of Arkansas.

3. Appeal and error—failure to abstract testimony. The court, on appeal, will not pass upon the admissibility of testimony which is not set out in the abstract.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney*, Judge; affirmed.

*Spence & Dudley* for appellant.

1. The appellee, under the law, had no right to do business in the State of Arkansas, and had no right to enforce any contract made in this state. Acts 1907, No. 185, § 6; Act 313, 1907, §§ 1 and 2; Act 294, § 4; Acts 1904; Acts 1911, Act 87, § 14; etc. It is settled that the Legislature may dictate terms upon which foreign corporations may do business in this state. 76 Ark. 303; 66 *Id*. 466; 95 *Id*. 389.

The articles of incorporation were never filed as required by law.

*L. Hunter* for appellee.

The contract was valid in Massachusetts and valid here. 40 Ark. 423; 44 *Id*. 230; 61 *Id*. 1; 67 *Id*. 252; 69 *Id*. 352; 73 *Id*. 518; 114 *Id*. 82. It was a New York transaction.

McCulloch, C. J. Appellee, a corporation organized and domiciled in the State of New York, instituted this action against appellant, an Arkansas corporation, to recover the sum of $229.90 alleged to be due on premiums for insurance policies procured by appellee as a broker. There was a verdict by the jury in appellee's favor and an appeal has been prosecuted to this court.

The evidence in the trial below tended to show that appellee was engaged in the insurance brokerage business in the City of New York, and procured policies at the instance of appellant covering the latter's property in Clay county, Arkansas. The account shows premiums on nine separate policies in as many different companies, and the premiums aggregated the sum of $229.90. The testimony is undisputed that appellant mailed a check to appellee for $125.00 on the account, which check was lost in the mail, and appellant failed, on demand, to give a duplicate.

The principal contention of appellant for a reversal of the cause is that the evidence shows that appellee had never complied with the laws of this State so as to permit it to do business here, and that it therefore has no right to sue on the alleged contract. It is also contended that the insurance companies which issued the policies were not authorized to do business in this State, and that the contracts of insurance were therefore void.

(1-2) The law is well settled that a contract of insurance made in another State will be treated as valid here if valid in the State where made. *Massachusetts Bonding & Insurance Co.* v. *Home Life & Accident Co.*, 119 Ark. 102. The service, upon which the account sued on is based, was performed by appellee in the State of New York, and the fact that appellee had not complied with the laws of Arkansas, with respect to foreign corporations doing business in the State, did not render the transaction invalid. Appellee, in procuring the insurance policies for appellant in the State of New York, was not doing business in this State so as to require it to comply with the laws of this State in the particular named.

(3) Error of the court is assigned in refusing to admit in evidence certain correspondence alleged to have taken place between appellant and an insurance company in New York, but the letters are not abstracted and we would have to explore the record in order to determine the contents. We are, therefore, not called on to pass on the question of admissibility of testimony which is not set out in the abstract. Judgment affirmed.