NATIONAL UNION FIRE INSURANCE COMPANY v. CRABTREE.

Opinion delivered February 6, 1922.

1. INSURANCE—WAIVER OF PROOF OF THEFT LOSS.—Where insurer's local agent, by a promise to look after the matter of theft of an insured car, and to see that the policy was paid unless the car was found in 60 days, lulled insured into a feeling of security, and thereby induced him not to make proof of loss, this constituted a waiver of loss, if the agent had authority to waive it.

2. INSURANCE—AUTHORITY OF AGENT TO WAIVE PROOF OF LOSS.—A local insurance agent having authority to adjust small losses has apparent authority to adjust all losses and waive proof of loss.

3. INSURANCE—WAIVER OF PROOF OF LOSS—AUTHORITY OF LOCAL AGENT.—A local agent of an insurance company having power to issue policies and collect premiums, has apparent authority to adjust losses and waive proofs of loss.

4. INSURANCE—PENALTY AND ATTORNEY'S FEE—THEFT INSURANCE.—The statute imposing a penalty and attorney's fee upon fire, life, health or accident insurance companies failing to pay loss within the time specified in the policy (Crawford & Moses' Dig., § 6155), being penal, should be construed strictly, and does not apply to a policy insuring an automobile against loss by theft.

Appeal from Miller Circuit Court; *George R. Haynie*, Judge; reversed in part.

*Arnold & Arnold*, for appellant.

The court erred in assessing damages and attorney's fees. Sec. 6155, C. & M. Digest; 94 Ark. 578.

Failure to make proof of loss was not waived by the company. 67 Ark. 584; 13 Ency. Ev. 1020; 29 Ency. Ev. 1105.

*M. E. Sanderson,* for appellee.

There was no error in allowing attorney's fees and assessing damages. 94 Ark. 578; 86 Ark. 115.

Failure of defendant to preserve its exceptions to instructions in the motion for new trial waived its right to complain of the court's ruling. 131 Ark. 404.

The evidence was sufficient to show the agent's authority. 122 Ark. 357; 100 Ark. 212; 120 Ark. 268; 130 Ark. 86.

The act of the agent, within the scope of his agency, binds his principal. 132 Ark. 371; 103 Ark. 79; 94 Ark. 227.

McCULLOCH, C. J. Appellant is a foreign corporation engaged in the insurance business, and issued to W..R. Crabtree, one of the appellees, its policy insuring in the sum of $900 against loss by theft of his automobile. The automobile was stolen a few months after the issuance of the policy and was never recovered. The policy was issued by a local agency having express authority from appellant to solicit and receive applications, sign and deliver policies and collect premiums. Immediately after the theft occurred, Crabtree notified the local agents in accordance with the terms of the policy, which provided that immediate notice should be given such agents in the case of loss. The policy further provided that proof of loss should be made within sixty days. Crabtree had repeated conversations with one of the local agents, according to his testimony, in which he gave the agent information concerning the description of the car, and he testified that the agent, after obtaining the necessary information, made this statement to him: "We look after the car for you; if we don't get it inside of sixty days, we will pay you your money, you'll get paid for it. You can just go home and rest contented now; you needn't worry about the car; we'll find the car or pay for it inside of sixty days."

Proof of loss was not furnished as required by the policy, and this suit was instituted by Crabtree, with

whom was joined Williamson & Timberlake, who held a mortgage on the car executed prior to the issuance of the policy.

There were two defenses offered in the answer,— one that there was a breach of the conditions of the policy concerning incumbrance on the property insured, and the other the failure of the assured to make proof of loss.

There was some testimony adduced tending to show that at the time the policy was issued the assured informed the local agent of the fact that the car was mortgaged, and this question was submitted to the jury under proper instructions. It is not contended that the evidence is insufficient to support the finding in favor of appellees on that issue, nor it is contended that the facts, as they might have been found by the jury, were not sufficient to constitute a waiver of this breach. *Commercial Fire Ins. Co.* v. *Belk,* 88 Ark. 506; *German-American Ins. Co.* v. *Humphrey,* 62 Ark. 349, and other cases.

The sole ground urged for reversal is that there was no waiver of the failure to furnish proof of loss, for the reason that the local agents had no authority to make such waiver. It must be conceded that there was no waiver unless it was within the scope or apparent scope of the local agents' authority to adjust losses and waive proof of loss; if not, there is no waiver in this case and there can be no recovery. The question of liability, therefore, turns upon the authority, or apparent authority, of the local agents to make such waiver. If, as stated by appellee Crabtree, the local agent by a promise to look after the matter and to see that the policy was paid unless the car was found within sixty days, lulled him into a feeling of security and thereby induced him not to make the proof of less, this constituted a waiver of the forfeiture, if the agent had authority to do so. *Liverpool & L. & G. Ins. Co.* v. *Payton,* 128 Ark. 528. One of the local agents testified as a witness and stated that he had authority from the company not only to solicit and

receive applications and issue policies and collect premiums, but also to adjust losses under the sum of $100 in amount, and that he frequently adjusted larger losses upon specific instructions. We are of the opinion that the authority to adjust a small loss was sufficient to create apparent authority to adjust all losses, for the reason that those who dealt with the agents were not bound by private restrictions upon the agents' authority of which they had no notice. *Three States Lumber Co.* v. *Moore,* 132 Ark. 371. Besides that, we have decided in several cases that authority to a local agent to effect insurance, countersign policies and collect premiums gives apparent authority to make adjustments of losses and to waive proof of loss. *Citizens' Fire Ins. Co.* v. *Lord,* 100 Ark. 212; *Concordia Fire Ins. Co.* v. *Mitchell,* 122 Ark. 357; *Insurance Co.* v. *Payton, supra.*

The earlier case of *Burlington Ins. Co.* v. *Kennerly,* 60 Ark. 532, is in conflict with the later decisions cited above in that it holds that authority to sign and issue policies does not embrace authority to make adjustments and waive proofs of loss, but that case must be deemed to have been overruled to the extent that it is in conflict with the later cases. It must therefore be treated as the settled rule in this State that a local agent for an insurance company, having power to issue policies and collect premiums, has apparent authority to adjust losses and waive proofs of loss. We are of the opinion, therefore, that the evidence was sufficient to sustain the findings of the jury and that the liability of the company for the amount of the policy has been established.

The court erred, however, in rendering judgment for penalty and attorney's fees. The imposition of penalties and attorney's fees is limited to suits against fire, life, health and accident insurance companies, and the statute does not apply to a suit for loss caused by theft under that kind of insurance. Crawford & Moses' Digest, § 6155. We held, in the case of *Home Fire Ins. Co.* v. *Stancell,* 94 Ark. 578, that the statute, being penal,

should not be held to apply except in cases falling within its particular terms. We decided in that case that the statute did not apply to a loss caused by a cyclone under a policy of insuring against that character of loss.

The judgment will be reversed as to the attorney's fees and penalty, but affirmed as to the recovery of the amount due under the policy.