MECHANICS' INSURANCE COMPANY v. CLAUNCH.

Opinion delivered April 9, 1923.

1. INSURANCE—PROOF OF LOSS—EVIDENCE.—In an action on a fire insurance policy, evidence *held* to sustain a finding that proof of loss was presented to the insurer within 60 days as required by the policy.

2. INSURANCE—PROOF OF LOSS—SUFFICIENCY.—In an action on a fire insurance policy, where it was claimed that the proof of loss

was insufficient, *held* that, although only one copy of the proof was delivered for defendant and two other companies who had issued policies, to one who was the joint agent of each of them, the sufficiency of the proof was waived unless objection was made within the time fixed by the policy for furnishing the proof.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. A. Watkins,* for appellant.

No proof of loss was furnished within the time prescribed, and no recovery against the insurance company can be had. *Home Ins. Co. v. Driver,* 84 Ark. 171; *Ark. Mut. F. Ins. Co. v. Clark,* 84 Ark. 224; *Commercial Fire Ins. Co. v. Waldron,* 88 Ark. 114; *American Ins. Co. v. Haynie,* 91 Ark. 43; *Queen of Ark. Ins. Co. v. Laster,* 108 Ark. 261. Delivery of proof of loss to soliciting agent not sufficient. *Ermentrout v. Girard Fire & Marine Ins. Co.,* 30 L. R. A. 346; *Lanes v. Insurance Co. of N. America,* 121 Mass. 439; *Smith v. Niagara Falls Ins. Co.,* 602 Vermont 682; *Bush v. Westchester Fire Ins. Co.,* 63 N. Y. 531.

*Strait & Strait,* for appellees.

Proof of loss furnished met requirements of policy. Was delivered to general agent. *Oak Leaf Mill Co. v. Cooper,* 103 Ark. 86; *Brown v. Brown,* 96 Ark. 456; 1 Clark & Skyles on Agency, sec. 2001; 31 Cyc. 1645; *Brett v. Bassett,* 63 Iowa 340; *Planters' & Merchants' Bank v. King,* 9 Ala. 279; *Roach v. Ricks,* 93 Ark. 521; *Insurance Co. v. Moline,* 111 Ark. 239; *German American Ins. Co. v. Humphrey,* 62 Ark. 348; *Phoenix Ins. Co. v. Public Parks Amusement Co.,* 63 Ark. 187; *Capital Fire Ins. Co. v. Montgomery,* 81 Ark. 508; *Commercial Fire Ins. Co. v. Belk,* 88 Ark. 506; *Home Ins. Co. v. Wilson,* 118 Ark. 442; *Citizens Fire Ins. Co. v. Lord,* 100 Ark. 216; *Peebles v. Columbian Woodmen,* 111 Ark. 446. If proof of loss defective, its retention by agent of company constituted a waiver. *Home Ins. Co. v. Driver,* 87 Ark. 174; *Planters etc. v. Hamilton,* 77 Ark. 27; *Hartford Fire Ins. Co. v. Enoch,* 79 Ark. 482; *American Ins. Co. v. Haynie,*

91 Ark. 43.  Company misled insured, and is estopped to deny liability.  *Queen Ins. Co. v. Fartinis,* 94 Ark. 277; *Insurance Co. v. Fleming,* 65 Ark. 54; *Lord v. Des Moines Ins. Co.,* 99 Ark. 476; *Planters etc. v. Loyd,* 67 Ark. 584; *Armstrong v. A. Ins. Co.,* 130 N. Y. 560; *Phoenix Ins. Co. v. Fleming,* 65 Ark. 61; *Planters' Mut. Ins. Co. v. Hamilton,* 77 Ark. 27; *Fidelity Phoenix Fire Ins. Co. v. Friedman,* 117 Ark. 78.

McCULLOCH, C. J.   This is an action on a fire insurance policy to recover the sum of $1,000, the full amount of the policy.  There was a total loss of the house covered by the policy, and there were three policies, written by three different companies.  The plaintiff recovered judgment below for the full amount of the policy, and the defendant has appealed.

The only question argued in the brief for reversal is that, according to the undisputed evidence, there was no proof of loss presented to the company within sixty days, as required by the express terms of the policy.  The testimony on this subject is as follows:

The house (the residence of plaintiff) was totally destroyed on August 7, 1921.  The property was situated in the town of Atkins, and the policy was written by the agent of the three companies in question doing business at Morrilton.  About a week or a few days after the fire plaintiff went to Morrilton to see Mr. Hembree, the agent, and delivered to the latter what purported to be written proof of loss.  The paper bore the caption, "Proof of Loss by Fire," and was signed by plaintiff and sworn to before an officer.  It referred to the three policies, giving the names of the companies, number of each policy and the amount of insurance, and furnished an estimate of the cost of replacing the building.  It stated, in substance, that the building was a total loss, and that no act of the assured, "either directly or indirectly, has contributed to the cause of this loss."

Plaintiff testified that the agent made no objection to the proof, but that, on the contrary, he accepted it as

sufficient; that he had several later conferences with the agent, and, in order to do so, had to make trips from Atkins to Morrilton, at a cost of about four dollars per trip.

There was other proof introduced which warranted the finding that, within the time required by the policy for furnishing the proof of loss, the adjuster for this company met the plaintiff in Morrilton, at the office of Hembree, the agent, and that the proof of loss was there delivered to the adjuster. Mr. Smallwood, the adjuster, testified that these conferences did not take place and that he did not receive the proof of loss until October 19, which was after the expiration of the time limit fixed in the policy, but Hembree testified that these conferences occurred not more than two weeks after plaintiff delivered the proof of loss to him (Hembree), and plaintiff's own testimony is to the effect that he delivered the proof of loss to Hembree a few days after the fire occurred, not later than a week.

If the jury accepted plaintiff's statement that he delivered the proof a few days after the loss, and also accepted Hembree's statement that the adjuster was there and received the proof within two weeks thereafter, they had the right to disregard the testimony of the adjuster if they believed the other testimony was true.

We have a case, then, where the proof was actually delivered, not only to the local agent, but also to the adjuster, who had express authority to adjust the loss, and, if necessary, implied authority to waive the proof of loss. Moreover, Hembree himself had express authority to write policies and collect premiums—in other words, he is what is termed a recording agent—and we have held that such an agent has apparent authority to waive proof of loss. *Citizens' Fire Ins. Co.* v. *Lord,* 100 Ark. 212; *Home Insurance Co.* v. *Wilson,* 118 Ark. 442.

But it is further contended that the proof was not sufficient because only one copy was delivered for the three companies who issued the policies. This contention

is answered by saying that the agent, Hembree, was the joint agent of each of the companies, and the proof purported to relate to all three of the policies, therefore the sufficiency of the proof was waived unless objection was made within the time fixed by the policy for furnishing the proof. We are of the opinion therefore that there was sufficient proof to establish a finding of a waiver of the proof of loss by acceptance of the sworn proof delivered to the company's agent, which was accepted as being sufficient.

Judgment affirmed.