LONDON & LANCASHIRE INSURANCE COMPANY, LTD., *v.* PAYNE.

Opinion delivered December 16, 1929.

*Powell, Smead & Knox,* for appellant.

*Gus W. Jones,* for appellee.

HART, C. J., (after stating the facts). It is first contended that the decree should be reversed because the proof of loss was not filed within the time prescribed by the policy. The compliance with this provision of the policy was expressly waived by the local agent of the insurance company who issued the policy and delivered it to the insured. The local agent had authority to·issue fire insurance, write and deliver policies, and collect premiums, and to notify the insurance company of loss. Having been clothed with these powers, he had *prima facie* authority to waive presentation of proof of loss. *National Union Fire Insurance Co.* v. *Wright,* 163 Ark.

42, 257 S. W. 753; *Liverpool, London & Globe Ins. Co.* v. *Payton,* 128 Ark. 528, 194 S. W. 503; *National Union Fire Ins. Co.* v. *Crabtree,* 151 Ark. 561, 237 S. W. 97; and *Citizens' Fire Ins. Co.* v. *Lord,* 100 Ark. 212, 139 S. W. 1114.

It is next insisted that the insurance company was not subject to garnishment in this action, because the money was due by it to Grover C. Payne under the terms of the policy, who was a nonresident of the State at the time garnishment was issued and served upon the insurance company. The insurance company was transacting business in this State, and had complied with the laws thereof permitting foreign insurance companies to do business in the State. This court has held that a debt due from a foreign corporation to a nonresident, who is only constructively served with process, is subject to garnishment in a State in which the corporation does business, although the debt is not payable in that State, and did not arise out of business transacted therein. *Stone* v. *Drake,* 79 Ark. 384, 96 S. W. 197.

In *Johnson* v. *Foster,* 69 Ark. 617, 65 S. W. 105, it was held that, by publication of a warning order against a nonresident defendant and service of a writ of garnishment upon a resident who was indebted to the defendant, the court acquired jurisdiction to ascertain the amount due from the defendant to plaintiff, and to adjudge that the money due from the garnishee to defendant should be applied towards the satisfaction of plaintiff's claim.

In *St. Louis Southwestern Ry. Co.* v. *Vanderburg,* 91 Ark. 252, 120 S. W. 993, it was held that the *situs* of a debt for the purpose of garnishment is where the debtor may be found. It was further held that service of process upon a garnishee creates a lien in favor of the plaintiff on the money due from the garnishee to the defendant, and upon constructive service the court may ascertain the amount due from the garnishee to the plaintiff, and subject such money to the satisfaction of the plaintiff's claim.

Again, in *Person* v. *Williams-Echols Dry Goods Co.,* 113 Ark. 467, 169 S. W. 223, it was held that the *situs* of a debt, for purposes of garnishment, is not only at the domicile of the debtor, but in any State in which the garnishee may be found, provided the law of that State permits the debtor to be garnisheed, and provided the court acquires jurisdiction over the garnishee through his voluntary appearance or actual service of process upon him within the State. Power over person of the garnishee confers jurisdiction on the courts of the State where the writ issues. *Blackstone* v. *Miller,* 188 U. S. 189, 23 S. Ct. 277; and *Harris* v. *Balk,* 198 U. S. 215, 25 S. Ct. 625, 3 Ann. Cas. 1004.

Finally, it is insisted that the decree of the chancery court was erroneous in awarding alimony in a lump sum. It is true that this court has held that it is erroneous to award alimony in a gross sum, and that, in the absence of an agreement between the parties, there should be a judgment for a continuing amount payable at stated periods. *Brown* v. *Brown,* 38 Ark. 324; *Shirey* v. *Shirey,* 87 Ark. 175, 112 S. W. 369; *Walker* v. *Walker,* 147 Ark. 376, 227 S. W. 762.

We think, however, that a reasonable construction of the order in the present case is that the naming of the $2,300 was intended as a limitation of the right of the plaintiff to recover anything more from the garnishee than the amount of its indebtedness to the defendant, Grover C. Payne, and that it was also a limitation of the period in which the monthly payments were to continue. The defendant had left the State, and the plaintiff probably realized that no further payment could be secured from him. He had been gone from the State for over two years at the time of the rendition of the decree, and had not paid her any sum since he had deserted his wife and their minor children. By the fact of their marriage it became the duty of the defendant to support the plaintiff and their minor children, and this was a continuing duty, notwithstanding the fact that he had willfully deserted and abandoned them and had

gone to another State. It was still his duty under the law to provide for their support and maintenance, and the court might take that under consideration in fixing a sum for their support and maintenance. The present action was instituted on October 2, 1926, and the decree was not entered of record until the 27th day of February, 1929. Thus it will be seen that the entire amount due from the garnishee to the defendant would be consumed at the date of the rendition of the decree. We therefore do not think that the award is erroneous, although it was not in the best form. We think that, reasonably construed, it meant to provide for the payment of the monthly allowance for the support of the plaintiff and the minor children dependent upon the defendant, and that it was an allowance in continuing allotment of sums, payable at regular intervals, and, being such, comes fairly within the principles of law announced in our decisions. *Harmon* v. *Harmon,* 152 Ark. 129, 237 S. W. 1096; *Holt* v. *Holt,* 42 Ark. 495; and *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012.

We find no reversible error in the record, and the decree will therefore be affirmed.