THE SECURITY INSURANCE COMPANY *v*. VAN NORMAN.

4-4877

Opinion delivered December 20, 1937.

*Verne McMillen,* for appellant.

*Ernest Briner* and *William W. Shepherd,* for appellees.

McHANEY, J. Appellant is a foreign fire insurance company with authority to transact business in Arkansas. It is represented in Little Rock by W. E. Livingston as its agent with authority to issue policies for fire, lightning and tornado insurance in Little Rock and vicinity. On or about February 1, 1937, the Livingston agency, acting through his employee, H. A. Taylor, executed and delivered appellant's policy to appellees insuring them against loss or damage by fire, windstorm cyclone or tornado on certain property, real and personal, near Benton in Saline county. Thereafter, on March 18, 1937, a loss occurred under said policy. Due notice was given the company of the loss, payment was refused and this suit followed. Trial before the court, sitting as a jury, resulted in a judgment against appellant in the sum of $3,000. The case is here on appeal.

The policy in question was countersigned by H. A. Taylor, agent, instead of signing W. E. Livingston, agent, by H. A. Taylor. It is undisputed that Taylor was not the agent of appellant. But he was the employee and agent of Livingston, who was appellant's general

special agent, that is, an agent with power and authority to issue policies for appellant, a number of which he had in his possession. The contract was introduced, over appellant's objection and exceptions, between Livingston and Taylor, the effect of which was to make Taylor Livingston's agent or employee in the handling of Livingston's insurance business, and we are of the opinion that the act of Taylor in issuing the policy in question was the act of Livingston. Appellant would hardly contend that Livingston himself, had no authority to issue the policy in question and bind appellant on the risk covered in this case. So if Livingston could issue the policy, certainly his employee could solicit the business and issue the policy for Livingston. We have many times held that where a local agent has power to effect insurance, countersign policies and collect premiums, he has also *prima facie* power to waive proof of loss. *Citizens' Fire Insurance* v. *Lord,* 100 Ark. 212, 139 S. W. 1114; *London & Lancashire Insurance Company, Ltd.,* v. *Payne,* 180 Ark. 638, 22 S. W. 2d 165, and *Cotton States Life Ins. Co.* v. *Tanner,* 180 Ark. 877, 23 S. W. 2d 268. Some complaint is made by appellant that no report was made to it of the issuance of this policy and that it covered property outside of Little Rock and vicinity. As to the date when the report was made, the evidence is in dispute, but whether made or not, it could not affect the interest of the insured because it would be the act or neglect of appellant's own agent, a matter with which the insured was not concerned. This is also true as regards the location of the property. The appellees could not be affected with notice of the limitation of authority of the agent with reference to where he might issue policies. As correctly observed by the trial court, appellant made it possible for this policy to be issued by putting it in the hands of its agent, and appellees had no reason to know that the policy was not binding, and they acted on it, and somebody must sustain the loss. The situation comes under that principle of law that where one of two innocent persons must suffer a loss, the burden must fall upon him who made it pos-

sible for the loss to occur. Appellant says there is no explanation as to why appellees should come to Little Rock to procure fire insurance on their buildings and contents when there were a number of insurance agents in Benton, and no explanation why Taylor should write this policy in appellant company, whom he did not represent when he actually did represent four other fire insurance companies. The fact remains, however, that appellees did secure this insurance from an agency in Little Rock and that Taylor wrote it in appellant company instead of one of his own, a matter which cannot affect adversely the interest of appellees. It is also perhaps true that neither appellant nor Livingston knew anything about this policy having been issued until after the fire occurred, but this is also a matter which cannot affect appellees unless by showing fraud and collusion between them and Taylor, and none is shown or attempted to be shown.

We find no error, and the judgment is accordingly affirmed.