GULF INSURANCE COMPANY *v.* HOLLAND CONSTRUCTION COMPANY.

4-9383                                             236 S. W. 2d 1003

Opinion delivered February 19, 1951.

Rehearing denied March 26, 1951.

*Carter & Gallagher* and *Pickins, Pickins & Ponder,* for appellant.

*Kaneaster Hodges,* for appellee.

PAUL WARD, J.  In the lower court appellee, Holland Construction Company, was the plaintiff and brought suit to recover on an insurance policy to compensate it for damages caused to a ditching machine.  The Gulf Insurance Company, the insurer, and the appellant here, defended principally on three grounds:  First, that the policy provided that notice of any damage must be given immediately; second, that the policy provided the assured shall within sixty days after the damage make a written statement showing among other things the value of each article damaged; and third, that the policy provided that the suit must be brought within twelve months from the date of damage.  Appellant takes the position that none of these provisions of the policy was complied with.

On February 3, 1946, the Gulf Insurance Company of Dallas, Texas, through its agent, R. H. Siegfried Company of Tulsa, Oklahoma, issued its policy to the Holland Construction Company, at that time located in Tulsa, Oklahoma, covering damage to assured's property—the policy to remain in effect for one year.  On January 10, 1947, appellee's ditching machine was damaged in Jefferson County by falling through a bridge while it was being transported along the highway by the

Gregory Heavy Hauling Company under contract to do so with appellee. The damage amounted to $2,060 which amount is not questioned. Soon thereafter the Gregory Company sued appellee in Pulaski County for its hauling fee, and in this suit appellee by cross-complaint sought judgment against the Gregory Company for the damage to its machine. About the time the Pulaski County suit was filed in July, 1948, appellee wrote to appellant informing it of the suit and the cross-complaint, and requested appellant to take over, but appellant did not see fit to do so. The Pulaski County suit was tried about eight months later and resulted in a judgment for the Gregory Company on its complaint and appellee recovered nothing on its cross-complaint. The Gulf Insurance Company refused to accept liability under its policy and the Holland Construction Company filed this suit against it in the Jackson County Circuit Court on January 1, 1950, asking for judgment in the amount of $2,060 together with penalty and attorney fees. The trial there resulted in a judgment for appellee from which appellant appeals to this court.

The applicable provisions of the policy referred to above are set out below:

"The assured shall report to the company or to an agent of the company, every loss or damage which may become a claim under this policy, immediately when such loss or damage comes to his knowledge."

"Within sixty (60) days after loss or damage the Assured shall make written statement to the Company, signed and sworn to by him stating the place, time and cause of loss or damage, the interest of the Assured and all others in the property, cost price of each article lost or damaged, from whom purchased or obtained, the value at time of loss, the amount of loss or damage claimed, the total amount of insurance carried on the property covered by this policy, the total value of all property covered by this policy on the date the loss occurred, and the value of the property in the specific location where the loss occurred. The Assured shall if required, exhibit damaged property, submit to an examination under oath,

and produce bills or certified copies thereof if originals be lost covering the property lost or damaged. Failure by the Assured either to report the said loss or damage or to file such complete proof of loss as above provided, shall invalidate any claim under the policy.''

''No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the requirements of this policy, nor unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the State Wherein this policy is issued, then in that event no suit or action under this policy, shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state.''

Answering the above mentioned three defenses in order, appellee contends that notice was promptly given to appellant's agent in Oklahoma; that appellant through its agent in Oklahoma waived by its actions and custom a strict compliance with the sixty days provision, and that the period in which to bring suit is governed by the laws of Arkansas and also that this provision was likewise waived. Since these issues involve questions of fact and since we are upholding the judgment of the lower court it becomes necessary to set out only sufficient testimony to sustain the findings of the jury.

The testimony shows this suit was filed nearly four years after the policy sued on was issued by appellant's agent, the Siegfried Company, in Tulsa, Oklahoma; that no written statement was filed in sixty days by appellee as specified by the policy; that appellee's machine was damaged to the extent of $2,060 on January 10, 1947, and covered by the policy issued by appellant and counter-signed and delivered by its agent in Tulsa.

Appellee's testimony is to the effect that it had been doing business with appellant through its said Oklahoma agent for many years and had had some prior claims which had been handled just like this one. On this oc-

casion H. T. Holland, Jr. called a member of the Oklahoma Agency and gave notice of the damage a few days after it happened and was informed the matter would be handled in the usual way; and the agent put the matter in a suspense file because they were awaiting the outcome of the trial in Pulaski County to see if the Gregory Heavy Hauling Company would pay the damage. The Oklahoma Agency in handling similar claims before had never required a detailed written proof of loss within sixty days, and in fact it would be impossible for this to be done in the detail required because it would often take three or four months to get parts for repairs. In fact the proof was always made on a printed blank which was in possession of and furnished by the insurance company for the purpose.

Notwithstanding there was some contradictory testimony, we are of the opinion there was substantial evidence to sustain the jury's finding in favor of appellee. The court was justified in submitting the case to the jury on these questions. *Glens Falls Ins. Co.* v. *Jenkins,* 169 Ark. 1015, 277 S. W. 541; *Security Ins. Co.* v. *Van Norman,* 195 Ark. 200, 111 S. W. 2d 561; *National Union Fire Ins. Co.* v. *Wright,* 163 Ark. 42, 257 S. W. 753. In the last mentioned case the court used this language: "If an authorized agent, within the time specified for making proof of loss under the policy, enters into negotiations for the adjustment of the loss, or otherwise treats this requirement of the policy as having been complied with, or as waived, then the company cannot thereafter defend upon the ground that a proof of loss was not furnished."

However it is contended that the law of Oklahoma which provides for only one year would control and in support appellant cites the following Arkansas cases: *Lindauer & Co.* v. *Del. Mut. Safety Ins. Co.,* 13 Ark. 461; *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295, 73 S. W. 102; *Franklin Life Ins. Co.* v. *Morrell,* 84 Ark. 511, 106 S. W. 680; *Mass. Bonding & Ins. Co.* v. *Home Life & Acc. Co.,* 119 Ark. 102, 178 S. W. 314; *St. Francis Box & Lbr. Co.* v. *Perry,* 125 Ark. 413, 189 S. W. 47. A careful

reading of these cases disclosed that they are not applicable here but apply to some substantive clause in the policy and not to the period of limitation in which suit may be filed, which is a matter of procedure and not of substantive law. The general rule recognized by our court is well stated in Vol. 29 Am. Jur., § 1394, p. 1041, where it is said: "Where the statutes of the forum make void all agreements whereby the time for the bringing of actions is fixed at a period less than that prescribed by law, a contractual stipulation made in another jurisdiction is not available as a defense."

There is such a statute in Arkansas and it is found in Ark. Stats., 1947, Vol. 6, § 66-508, which reads: "Hereafter an action may be maintained in any of the courts of this State to recover on any claim or loss arising on a policy of insurance on property or life against the company issuing any such policy, or the sureties on the bond required by the laws of this State as a condition precedent to its right to do business in this State, at any time within the period prescribed by law for bringing actions on promises in writing; and any stipulation or provision in any such policy of insurance requiring such action to be brought within any shorter time or be barred shall be, and the same is hereby declared void."

In the case of *Liebe* v. *Sovereign Camp W. O. W.*, 205 Ark. 540, 170 S. W. 2d 370 we find this language: "The limitation clause in the policy above quoted would be void under § 7668, Pope's Digest, but for the provisions of § 7857 excluding fraternal benefit societies from all the provisions of the insurance laws of the State, . . ."

Appellant further contends that appellee has in some way, by reason of its cross-complaint in the Pulaski Circuit Court and by the outcome of same, caused appellant to lose its right of subrogation; and that the pleadings in that case should have been introduced in evidence to show that appellee was negligent, and therefore could not recover in this suit under the terms of the policy. We find no merit in this contention. According to the

undisputed testimony appellee was notified of this suit in ample time to have joined had it desired to do so. The most the Pulaski Circuit Court could have decided was that the Gregory Heavy Hauling Company was not negligent. The question of appellant's negligence under the terms of the policy was properly an issue in this suit. It was pleaded in appellant's answer and was submitted to the jury under proper instructions.

What has already been said disposes of appellant's objections to instructions both given and refused since they involve the same issues already passed on.

The judgment of the lower court is affirmed.