**CHANDLER TRAILER COMPANY,
Plaintiff,**

v.

**LAWYER'S SURETY CORPORATION
and Northwestern National Insurance
Company, Defendants.**

**No. LR–C–80–256.**

United States District Court,
E. D. Arkansas, W. D.

March 23, 1982.

John S. Choate, Robert M. McHenry, Jr., Little Rock, Ark., for plaintiff.

Ronald A. May, Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

WOODS, District Judge.

### FINDINGS OF FACT

1. Plaintiff is an Arkansas corporation with its principal place of business in Pulaski County, Arkansas; defendants are related foreign insurance companies doing business in Arkansas.

2. At all times and on all dates mentioned herein with reference to claims arising against defendants, there was in force and effect a blanket commercial bond issued by defendants to plaintiff to indemnify plaintiff against any loss of money or other property which plaintiff might sustain through fraudulent or dishonest acts committed by any of plaintiff's employees.

3. During the period between January and November, 1978, Robert and Connie Church were employees of plaintiff, were covered under the bond and did fraudulently and dishonestly convert to their own use funds belonging to the plaintiff and insured by the defendants in the amount of $9,750.00.

4. During the period between 1976 and May, 1977, William Renea Johnson was an employee of plaintiff, was covered under the bond and did fraudulently and dishonestly convert to his own use funds belonging to the plaintiff and insured by the defendants in the amount of $9,377.38.

5. During the period of October and November, 1977, Charlene Cote was an employee of plaintiff, was covered under the bond and did fraudulently and dishonestly convert to her own use funds belonging to the plaintiff and insured by the defendants in the amount of $2,276.54.

6. During the period between January, 1977 and January, 1978, Roland J. (Tony) Miller was an employee of plaintiff, was covered under the bond and did fraudulently and dishonestly convert to his own use

funds belonging to the plaintiff and insured by the defendants in the amount of $9,750.00.

7. With the exception of the Johnson claim, plaintiff provided the defendants with notice of loss and proofs of loss on each of these claims within a reasonable and sufficient time.

8. The four month time limit from date of discovery of loss for filing a proof of loss as stated in the bond instrument is not an absolute, binding requirement herein because the defendants exercised an unreasonable amount of control over the filing procedure and all of the notices and proofs of claims in all instances excepting the Johnson claim were provided within a reasonable time under the circumstances.

9. Plaintiff has proved the claims herein by competent evidence, and such claims are not excluded under the bond provision against proving claims through inventory or profit and loss computations.

10. Defendants failed to make payment of these claims upon demand by plaintiff.

11. The facts underlying the Johnson claim were discovered on May 27, 1976. Defendant was not notified of the loss until June 17, 1977, and plaintiff did not submit proof of loss until September 21, 1977. Suit was filed May 2, 1980. I find this claim is barred under Section (7) of the bond for two reasons: (a) plaintiff upon discovery of the loss did not give notice as soon as practicable to defendants; and (b) plaintiff did not file suit within two years after discovery of the loss.

13. The facts underlying the Miller claim were discovered on February 24, 1978. Defendants were notified of the loss on May 26, 1978 and submitted proof of loss on October 3, 1979. Suit was filed on May 2, 1980. I find that this claim is barred under Section 7 of the bond since plaintiff did not file suit within two years after discovery of the loss.

14. The Church and Cote claims were filed in compliance with Section 7 and are not barred by any limitation provided in the bond.

## CONCLUSIONS OF LAW

There is no legal or factual basis for attacking the Church and Cote claims. Plaintiff has satisfied its burden with regard to these claims, and its proof is largely unrefuted. As a matter of fact, defendants admit that no adequate investigation was conducted to ascertain the validity of these claims. The only real issue in this litigation is whether a limitation provision contained in Section 7 of the bond contravenes Ark. Stat.Ann. § 66–3232 (1980 Repl.Vol.). The pertinent provision of Section 7 reads as follows: "No action shall lie ... at all unless commenced within two years from the date when the insured discovers the loss." Ark.Stat.Ann. § 66–3232 (1980 Repl. Vol.) reads as follows:

An action may be maintained in the courts of this State by an insured or any other person on his behalf, to recover on any claim or loss arising under a policy of insurance on property or life, against the insurer issuing any such policy, or the sureties on any bond filed by the insurer as a condition precedent to its right to do business in this State, at any time within the period prescribed by law for bringing actions on promises in writing; and any stipulation or provision in any such policy or contract requiring such action to be brought within any shorter time or be barred is void.

Obviously, the statute applies to a life insurance policy. *Mutual Benefit Health & Accident Ass'n v. Warrell*, 96 F.2d 447 (8th Cir. 1938). It also applies when the insured's ditching machine is damaged by falling through a bridge and the policy covered damage to the insured's property. *Gulf Insurance Co. v. Holland Construction Co.*, 218 Ark. 405, 236 S.W.2d 1003 (1951). The statute however does not apply to an action filed on a contractor's performance bond. A two-year limitation for filing suit contained in such a bond is not unreasonable or against public policy. *City of Hot Springs v. National Surety Co.*, 258 Ark. 1009, 531 S.W.2d 8 (1975).

Does the statute in question apply to the fidelity bond written by the defendant in the instant case? Clearly, it is not a life insurance policy. Plaintiff however argues that the bond is embraced within the statutory term "insurance on property." This argument has some force because in the insuring agreement the defendant "agrees to indemnify the insured against any *loss of money or other property* which the insured shall sustain through any fraudulent or dishonest act or acts committed by any other Employees...." (Emphasis added)

To hold that the italicized language of the insuring agreement brings the fidelity bond within the provisions of Ark.Stat.Ann. § 66–3232 (1980 Repl.Vol.) however ignores certain definitions contained in the Arkansas Insurance Code. Ark.Stat.Ann. § 66–2406 (1980 Repl.Vol.) defines surety insurance as follows:

> Surety insurance includes:
>
> (1) Fidelity Insurance, which is insurance guaranteeing the fidelity of persons holding positions of public or private trust.
>
> (2) Insurance guaranteeing the performance of contracts, other than insurance policies, and guaranteeing and executing bonds, undertakings, and contracts of suretyship.

Subparagraph (1) in the above statute clearly applies to the type of bond written by defendant in the case at bar. Subparagraph (2) applies to the type of bond written in *City of Hot Springs v. National Surety Co., supra.* Both are classified as "surety insurance" under the Arkansas Insurance Code. Property insurance on the other hand is defined in Ark.Stat.Ann. § 66–2404 (1980 Repl.Vol.) as follows:

> Property insurance is insurance on real or personal property of every kind and of every interest therein, whether on land, water, or in the air, against loss or damage from any and all hazard or cause, and against loss consequential upon such loss or damage, other than non-contractual legal liability for any such loss or damage.

Based upon the above statutory definition, I find that the fidelity bond executed by defendant was surety insurance and not property insurance. Plaintiff may not therefore invoke the proscription of Ark. Stat.Ann. § 66–3232 (1980 Repl.Vol.) to void the two-year limitation provision. Such a limitation is neither unreasonable nor unduly restrictive. *City of Hot Springs v. National Surety Co., supra* at 531 S.W.2d 11.

The language in a fidelity bond case decided by the Court of Appeals for the Fifth Circuit strengthens my view that the fidelity bond here should not be classified as property insurance:

> But a distinction must be drawn between indemnity and property insurance. The fidelity bond was an indemnity insurance contract. The insuror's liability does not arise until the insured has suffered a proven loss. It is in the nature of a personal insurance contract. The insurance is not on property but is for loss of property.

*American Empire Insurance Co. v. Fidelity and Deposit Co. of Maryland*, 408 F.2d 72, 77 (5th Cir. 1967).

Judgment will be entered on behalf of the plaintiff in an amount covering the Church and Cote claims which aggregate Twelve Thousand, Twenty-Six Dollars and Fifty-Four Cents ($12,026.54). Since plaintiff did not recover the full amount of its claims, its request for penalty and attorney's fees will be denied. Compare *Fisk v. Security Life & Trust Co.*, 575 F.2d 1242 (8th Cir. 1978).