W. T. OSBORN ET AL. V. ROBERT OSBORN.

No. 2764.

1. **Partition of Homestead—Rights of Minor Child.**—After the death of both parents the use and occupation of their homestead by their minor children is recognized, but to protect it from partition at suit of the adult children the agency of a guardian must be had, acting under authority and by permission of an order of the Probate Court having jurisdiction.

2. **Same.**—A minor resisted partition of the parental homestead sought by suit of his adult brothers and sisters. No guardian had ever been appointed over his estate. *Held,* that the proceedings should be suspended until the County Court should appoint a guardian, and determine whether such guardian should be permitted to occupy and use the homestead for the use of his ward.

APPEAL from Red River. Tried below before Hon. E. D. McClennan. The opinion states the case.

*Sims & Wright,* for appellants, cited State Constitution, art. 16, sec. 52; Hudgins v. Sansom, 72 Texas, 229; Roco v. Green, 50 Texas, 488.

No brief on file for appellee.

ACKER, PRESIDING JUDGE.—Appellants brought this suit against appellee for partition of a tract of land. The defendant being a minor, S. W. Harman, Esq., was appointed guardian *ad litem* for him, and answered that defendant and plaintiffs were joint owners of the land by inheritance from their mother, who died in July, 1888, occupying and using the land as her homestead, and owning no other land at the time of her death; that defendant was living with her as one of her family and occupied the land with her as his homestead, and has continued to so occupy and use the land ever since her death, having no other property or means of support; that he was only eighteen years old. Prayer that partition be refused and that the use of the land be decreed to him during his minority.

The trial without a jury resulted in judgment for defendant in accordance with his prayer, and that plaintiffs pay all costs. Plaintiffs appealed, and the cause is here on the following agreed case:

"1. That the following named persons are tenants in common of the tract of land described in the petition, the same being situated in Red River County, Texas: W. T. Osborn, S. W. Osborn, H. M. Osborn, John Osborn, Nancy Hignight, Sarah Hopkins, Martha Carroll, J. T. Davidson, and Robert Osborn.

"2. That the tract of land sought to be partitioned was purchased by the mother of said tenants in common after her husband's death, and paid for by her.

"3. That all of said tenants in common were of age at the time of the mother's death, which occurred about one year ago, except the defendant Robert Osborn, who was then about eighteen years of age, and is now nineteen. That all the plaintiffs had moved away and entirely lost their standing as members of the family.

"4. That the defendant had been at work for himself and on his 'own hook' for three years prior to his mother's death, and received the fruits of his labor. Sometimes he lived out from home, but most of the time remained there and worked for his mother, who paid him for his work. That he was married prior to his mother's death, and then was and now is the head of a family. That he has not now and never has had a guardian, nor has any order ever been made by any court authorizing either him or any guardian of his to use or occupy the property sought to be partitioned as a homestead.

"5. That said property was their mother's homestead at the time of her death, and that the defendant lived on the place with her, and that the defendant Robert Osborn has no property except his interest in the land in this suit, and had none at the death of his mother, and is living on the property now."

The only assignment of error presented is, "the court below erred in

not decreeing that the premises described in the petition were subject to partition, under the facts as set forth in the case agreed."

The Constitution of this State, article 16, section 52, provides that "on the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution; but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

In our opinion this provision admits of but one construction in so far as it applies to this case. After the death of both parents the use and occupation of the homestead by the minor children, to protect it from partition at the suit of other tenants in common, must be through the agency of a guardian under authority and by permission of an order of the Probate Court having jurisdiction.

This constitutional provision has received no direct legislative construction that we are aware of, but the provisions of the statutes relating to setting apart the homestead and the possession of it seem to accord with the construction given it. Article 1996, subdivision 4, of the Revised Statutes provides that when there is no widow the possession of the homestead shall be delivered to the guardian of the minor children, etc.

The reasoning employed by Chief Justice Stayton in discussing this provision in the case of Hudgins v. Sansom, 72 Texas, 229, has relieved us of much difficulty we might otherwise have encountered in sustaining our conclusion. The Chief Justice says: "The purpose of the constitutional provision quoted evidently was to secure the surviving husband or wife the right to use the homestead so long as he or she might elect to do so, and to protect minor children in a home so long as, in the opinion of the court having jurisdiction over the property and minors, it was necessary that they should use a homestead. It was the right of such persons to occupy the homestead which it was the purpose of the Constitution to protect, and it therefore forbids the partition of the homestead so long as the given conditions continue. * * * A proceeding which would result in this is forbidden by the Constitution, so long as the surviving husband or wife elects to occupy the homestead, or so long as the proper court shall permit a guardian with minor children of the deceased to occupy." We can add nothing to this language.

We think the court erred in holding that the land was not subject to partition, and in decreeing the use of it to defendant during his minority. But while we decide that the facts presented in this case did not entitle appellee to judgment in his favor, we are not to be understood as holding that in such a case the minor is without remedy. Being under disability

and not able to protect his rights, the court should protect him.    We are
therefore of opinion that when in a case like this a partition of the home-
stead is sought among the children of the deceased, and it appears that
the minor has never had a guardian, and the Probate Court has never de-
termined his right to occupy it, it is the duty of the court to arrest the
proceedings and suspend further action in the case until the County Court
shall appoint a guardian and determine whether or not he shall be per-
mitted to occupy and used it for his ward.

Appellee relies upon the case of Adair v. Hare, 73 Texas, 273, in sup-
port of the view entertained by the trial court, but we do not think it in
point.    There the homestead sought to be partitioned was used and oc-
cupied by the surviving husband and minor children.

We are asked to reverse the judgment and render judgment here for
appellants, but this we can not do, as it appears that appellee is still a
minor, for whom a guardian may be appointed, who may obtain an order
of the Probate Court permitting him with his ward to occupy the land.

We are of opinion that the judgment of the court below should be re-
versed and the cause remanded.

*Reversed and remanded.*

Adopted March 18, 1890.