PERSON *v.* WILLIAMS-ECHOLS DRY GOODS COMPANY.

Opinion delivered June 22, 1914.

1. CONFLICT OF LAWS—GARNISHMENT—EXEMPTIONS.—A citizen and resident of this State may subject to the payment of his debt, by garnishment, the money due the debtor, a resident of another State, from an insurance company which also does business in this State, for a loss under a fire insurance policy issued in that State upon the debtor's homestead and household effects, all of which were exempt from seizure and sale for the payment of the debt in that State where the judgment, upon which this suit was brought, was obtained. (Page 469.)

2. CONFLICT OF LAWS—GARNISHMENT—SITUS OF DEBT.—The situs of a debt, for purposes of garnishment, is not only at the domicile of the debtor, but in any State in which the garnishee may be found, provided the law of that State permits the debtor to be garnished, and provided the court acquires jurisdiction over the garnishee through his voluntary appearance or actual service of process upon him within the State. (Page 470.)

3. EXEMPTION LAWS—LEX FORI.—Exemption laws are not a part of a contract but pertain to the remedy, and the law of the forum relative thereto governs. (Page 470.)

4. EXEMPTION LAWS—EXTRA-TERRITORIAL EFFECT.——Exemption laws have no extra-territorial effect. (Page 470.)

5. EXEMPTION LAWS—NONRESIDENT.—A nonresident can not claim the benefit of the exemption laws of this State. (Page 470.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge.; affirmed.

### STATEMENT BY THE COURT.

The appellee, a domestic corporation, with its principal place of business at Fort Smith, Arkansas, brought suit in the circuit court of Sebastian County against appellants to recover upon a judgment obtained against W. C. Person and others in Oklahoma for $1,553.22. A garnishment was issued and served upon the Westchester Fire Insurance Company, and the garnishee answered, admitting that it owed W. C. Person, one of the appellants, $950, but alleged that it was for insurance upon a house and household goods that were exempt from seizure for his debts under the laws of the State of Oklahoma. The appellants admitted the recovery of the judgment, and that it had not been paid. They alleged that they were citizens and residents of Oklahoma and that the money owing by the garnishee was due upon an insurance policy for loss of their homestead and household effects by fire, and was exempt from garnishment and seizure for such debt under the laws of Oklahoma, where the judgment was recovered, and asked that it be declared exempt from the payment of it in this State, and that appellee be enjoined from any further proceeding to collect and subject it to the payment of their judgment. Appellee demurred to the answer and the demurrer was sustained, and, upon appellants declining to plead further, judgment was rendered for the full amount of the debt and the garnishee having paid the amount due on the policy into court, $950, it was paid to the appellee and the garnishee discharged. Appellants prosecute this appeal to reverse the judgment.

*George F. Youmans*, for appellants.

It is patent that this suit was brought in this State to evade the exemption laws of the State of Oklahoma. The debt of the garnishee to appellants was payable in Oklahoma, and the garnishee could have been reached by the process of the courts of that State. 33 Mo. App. 110; 24 Mo. App. 91. Appellants being entitled to the benefit of the exemption laws of Oklahoma, the court

below should have given effect thereto.   7 Kan. App. 47;
51 Pac. 972; 44 Fed. 556.

*Kimpel & Daily,* for appellee.

1.   Appellee had the right to sue and garnish in
the courts of its domicile, even though the effect of doing
so might be to deprive appellants of the benefit of the
exemption laws of Oklahoma.   53 Ark. 71.

2.   Exemption statutes are no part of a contract,
and have no extra-territorial effect.   In determining
questions of exemptions, the law of the forum governs.
79 Ark. 382, and cases cited; 59 Ark. 287-291; 21 Ala.
261; 83 Ala. 462; 3 Am. St. 755; 74 Pa. St. 52; 8 Ia. 140;
60 Ia. 355; 2 Ill. App. 361; 83 Ill. 365; 115 S. W. 275; 110
Pac. 356.

KIRBY, J., (after stating the facts).   Can appellee, a
citizen and resident of this State, subject to the payment
of his debt, by garnishment, the money due appellants,
residents of the State of Oklahoma, from an insurance
company, which also does business in this State, for a
loss under a fire insurance policy issued in that State
upon their homestead and household effects, all of which
were exempt from seizure and sale for the payment of
the debt in that State, where the judgment upon which
this suit is brought was obtained?

This proceeding was instituted by a citizen and resi-
dent of this State to collect a debt due it from a resident
of the State of Oklahoma, and the garnishment was
served upon a corporation doing business in this State,
and, if it be conceded that the debt due from the gar-
nishee to appellants was exempt from seizure and gar-
nishment in the State of Oklahoma, it in no wise affects
the creditor's right to subject the garnished debt to the
payment of his judgment here.

The garnishee became indebted to the insured under
a policy of insurance upon a loss, for the payment of
the amount due thereunder, and could have been sued by
the insured, its creditors, in the courts of this State
where it also does business, and it is liable to process

of garnishment here, notwithstanding the debt was contracted in another State, for, as was stated in *Stone* v. *Drake,* 79 Ark. 386, quoting from *Kansas City, P. & G. Ry* v. *Parker,* 69 Ark. 401, '' The *situs* of a debt, for purposes of garnishment, is not only at the domicile of the debtor, but in any State in which the garnishee may be found, provided the law of that State permits the debtor to be garnished, and provided the court acquires jurisdiction over the garnishee through his voluntary appearance or actual service of process upon him within the State.'' See also *Chicago, R. I. & P. Ry. Co.* v. *Sturm,* 174 U. S. 710; *Harris* v. *Balk,* 198 U. S. 215; *L. & N. Ry. Co.* v. *Deer,* 200 U. S. 176; *Bristol* v. *Brent,* 110 Pac. 356; *Missouri, K. & T. Ry.* v. *Swartz,* 115 S. W. 275.

Exemption laws are not a part of the contract and pertain to the remedy, and the law of the *forum* relative thereto governs. *Stone* v. *Drake, supra;* 18 Cyc. 1376. Only residents of the State of Arkansas are entitled to claim the benefit of our exemption laws. Art. 9, § § 1, 2, 6, 10, Constitution of 1874; § § 3882, 3903-3905, Kirby's Digest. The appellants are not residents of the State of Arkansas, but of the State of Oklahoma, and can not claim the benefit of our laws, being nonresidents, nor can they avail here of the exemption laws of Oklahoma, which have no extra-territorial effect. Nor do we agree with appellants' contention that this proceeding is such an attempt to evade the exemption laws of the debtor's domicile as will be relieved against. It is only when a creditor attempts to evade the exemption laws of his own State by resort to attachment proceedings in the court of another State against the property of a debtor who is a resident of the State of the creditor's domicile that he will be enjoined by the courts of the latter State from prosecuting his suit in the foreign jurisdiction. *Griffith* v. *Langsdale,* 53 Ark. 73; *Cole.* v. *Cunningham,* 133 U. S. 107; *Greer* v. *Cook,* 88 Ark. 95.

If appellee was a resident of the State of Oklahoma and had resorted to the courts of this State to collect his claim in evasion of the laws of his own and his debtor's

residence, our court would not lend its aid; but this proceeding is by a resident of this State in the courts thereof, to collect a claim against a nonresident debtor by garnishment, subjecting to its payment money due to such nonresident in the hands of the garnishee within this jurisdiction; and can not be said to be an attempt to evade the exemption laws of another State since a citizen of every State has a right to proceed under the forms of law of his own State in the collection of his claims under the method provided by the laws thereof.

The court properly sustained the demurrer to the answer, and the judgment is affirmed.