GREAT AMERICAN INSURANCE COMPANY *v.* STEVENS.

Opinion delivered October 22, 1928.

*C. W. Norton* and *R. L. Bartels,* for appellant.

*Mann & Harrelson,* for appellee.

SMITH, J.   On February 15, 1927, the home of appellee was damaged by fire.   He had insurance on the property in the appellant insurance company for $2,500, and he also had policies of insurance on the same property in three other companies.   It was stipulated at the trial from which this appeal comes that the total loss payable by the four companies was $8,000.

The policy issued by the appellant insurance company contained a provision giving it the option to replace or restore the property damaged by fire in satisfaction of its liability in case of a fire, this option to be exercised within sixty days of the date of the damage by fire.

Suit to enforce appellant's liability under the policy issued by it was filed June 15, 1927, in St. Francis County, the home of Stevens.   The insurance company filed an answer, in which it alleged that, after the fire and before the institution of the suit in St. Francis County, the insurance company, being at the time subject to legal process within the State of Tennessee, was duly served with a writ of attachment by garnishment in an action by the Shapleigh Hardware Company, as plaintiff, and A. L. Stevens *et al.* as defendants, the said suit in Tennessee being one to recover an alleged debt due by Stevens to the hardware company in the sum of approximately $3,000, and that the legal effect of the said attachment by garnishment is to render the defendant insurance company liable to the plaintiff hardware company for whatever sum defendant Stevens owes the hardware company, provided the hardware company establishes its debt against Stevens.   That, immediately after the service of said garnishment, the defendant insurance com-

pany gave notice to Stevens and his attorney of the existence and nature of this suit, and requested them to make defense thereto, but this they declined to do.

By an amendment to the complaint and a reply to the answer, Stevens alleged that the dwelling damaged by fire was his homestead, and alleged that the insurance money representing the partial value of the homestead would not be liable for any debt which might be proved against Stevens by the hardware company, and further, that the debt to the hardware company was contracted prior to 1925, and that the plaintiff in 1926 filed his petition in bankruptcy, and scheduled the debt due the hardware company, and received a complete discharge from liability on said indebtedness. It was denied that Stevens was a party to the Tennessee suit, as he had not entered his appearance in said cause, and it was alleged that the suit in Tennessee was begun about thirty days after the fire, and that by the terms of the insurance policy the defendant insurance company had sixty days from the date of the fire to replace the building, and, if the defendant had exercised this option, no liability would have accrued against it under the suit in Tennessee.

With the issues thus joined the cause was reached for trial in St. Francis County on November 23, 1927, at which time the defendant insurance company presented a motion for a continuance. In support of this motion the pendency of the Tennessee suit was shown. It was further shown that the insurance company had resisted the suit by alleging every defense made known to it by Stevens and his attorney, including the pleas of homestead and bankruptcy in Stevens' behalf, but that, by reason of Stevens' default in the Tennessee court, a decree *pro confesso* had been entered against him there, and a motion had been filed by the hardware company and was then pending for a final judgment.

By way of response to the motion for a continuance, the plaintiff Stevens repeated the allegations of his reply to the answer. It was shown that the Tennessee suits

were filed March 19, 1927, and on the same day the service of a writ of garnishment was had on the insurance company, and that Stevens' nonresidence in Tennessee was legal ground there for attachment, a fact of which we take judicial notice. Section 4110, C. & M. Digest. It was further shown that the hardware company had alleged in its suit in Tennessee that its claim against Stevens is not discharged under the bankruptcy proceedings because the debt was created by fraud and misrepresentation upon Stevens' part by forging the names of certain guarantors.

In further opposition to the continuance, Stevens related the circumstances under which he had signed the names of the guarantors, the purport of his testimony being that he had committed no fraud.

The motion for a continuance was overruled, and the cause was submitted to the court without a jury, on the record herein summarized, with certain additional stipulations of counsel. Judgment was rendered against appellant for $2,000, its proportionate part of the loss, and this appeal has been duly prosecuted from that judgment.

It appears from what we have said that, at the time of the rendition of the judgment from which this appeal comes, a decree *pro confesso* had been taken in the Tennessee suit in accordance with the practice in that State. This decree was not final, but it would become final unless cause was shown by Stevens why it should not. Section 4270, M. & V. Code of Tennessee; *Lieberman* v. *Knight,* 153 Tenn. 268, 283 S. W. 450; *Taylor* v. *Sledge,* 110 Tenn. 263, 75 S. W. 1074.

The insurance company, as garnishee, had alleged, in its answer in Stevens' behalf in the Tennessee suit, the discharge in bankruptcy, but the creditor had replied that the discharge was void for the reason that the debt had been made through fraud. It is true that Stevens testified, in opposition to the motion for a continuance, that he had practiced no fraud in making the

debt, but such testimony in the St. Francis Circuit Court could have no effect on the Tennessee suit.

As had been said, the insurance company as garnishee answered in Tennessee, and alleged that the sum due by it to Stevens was for damage by fire to Stevens' homestead. But it was held by the Supreme Court of Tennessee, in the case of *Carson* v. *Railway Company*, 88 Tenn. 646, 13 S. W. 538, 8 L. R. A. 412, 17 Am. St. Rep. 921, that statutes exempting property from execution have no extraterritorial force.

This decision accords with that of the Supreme Court of the United States in the case of *Chicago, R. I. & P. Ry. Co.* v. *Sturm,* 174 U. S. 710, 19 S. Ct. 797, and also with the decision of this court in the case of *Person* v. *Williams-Echols Dry Goods Co.,* 113 Ark. 467, 169 S. W. 223.

In the case last cited it was held by this court that a nonresident cannot claim the benefit of the exemption laws of his own State in the courts of this State, and that the *situs* of a debt for purposes of garnishment is not only the domicile of the debtor, but is in any State in which the garnishee may be found, provided the law of that State permits the debtor to be garnished.

It was further held in the Person case, *supra* (to quote a syllabus), that: "A citizen and resident of this State may subject to the payment of his debt, by garnishment, the money due the debtor, a resident of another State, from an insurance company which also does business in this State, for a loss under a fire insurance policy issued in that State upon the debtor's homestead and household effects, all of which were exempt from seizure and sale for the payment of the debt in that State where the judgment, upon which this suit was brought, was obtained."

See also the case of *St. Louis S. W. Ry. Co.* v. *Vanderberg,* 91 Ark. 252, 120 S. W. 993, where it was held that a garnishee sued in Missouri could not claim exemptions on behalf of a debtor residing in this State,

the privilege being personal and available only by following the statutory provisions.

See also *Hartford Fire Ins. Co.* v. *Citizens' Bank,* 166 Ark. 51, 266 S. W. 675, 39 A. L. R. 1458.

In regard to the allegation, in the reply to the insurance company's answer, that the company might have defeated the garnishment in Tennessee by replacing the ·damaged property, as it had the option to do under the policy of insurance, it may ·be said that the agreed damage to the homestead property was several times the amount of the policy issued by the appellant insurance company. It would therefore be unreasonable to expect the insurance company to replace this loss in settlement of its liability. Moreover, the ·option to replace rested with the insurance company. The contract of insurance gave it the ·option to replace and restore, or to pay damages. It may be further said that the amount of damage had been agreed upon between the insured and the insurer, and the insurance company had so answered the garnishment in the Tennessee case. It is therefore no defense that the insurance company did not rebuild or restore the property.

We conclude therefore that the court should have continued the cause as prayed, pending the suit in Tennessee, and that no judgment should be rendered against the appellant on its admitted liability under its policy until the *pro confesso* judgment in Tennessee has been set aside.

The judgment of the court below will therefore be reversed, and the cause remanded.

SMITH, J., (on rehearing). Attention is called to the fact, in the petition for rehearing, that other insurance companies beside the appellant, Great American Insurance Company, were garnished in Tennessee, and that the garnishment proceedings have impounded a sum largely in excess of the amount of the Tennessee judgment. This being true, the opinion will be modified to permit the rendition of judgment on the remand of the cause for so much of the admitted liability of the insur-

ance companies as is in excess of the amount required to discharge appellee's liability under the Tennessee judgment, if appellee elects to take such a judgment.