## DAVIS et ux. v. SLOAN LUMBER CO.
### No. 12388.

Court of Civil Appeals of Texas. Fort Worth.
Dec. 13, 1930.

Rehearing Denied Jan. 17, 1931.

McCart, Curtis & McCart, of Fort Worth, for appellants.

P. Walter Brown, of Fort Worth, for appellee.

CONNER, C. J.

The present controversy had its origin in the execution of an obligation and mechanic's lien by appellant F. H. Davis and wife, given by them to secure the contract price of a building upon their homestead lot. The obligation and lien was later acquired by appellee, who later instituted suit to recover thereon. Appellants defended in that proceeding on the ground that the building was not in substantial compliance with the contract, and could not be made so. They disclaimed all interest therein, and prayed that the house be removed from their premises.

Upon a trial of the case in the district court on May 28, 1928, appellants recovered a judgment in accord with their prayer. In entering the judgment it was ordered that Davis and wife be discharged from the obligation and lien and that the lumber company remove the improvements from the homestead lot within a period of thirty days from the date of the judgment, and provided that if it did not do so, Davis and wife should recover from the lumber company all of its right, title, and interest in and to such improvements.

From the judgment so rendered, the Sloan Lumber Company prosecuted an appeal, to

this court. We affirmed the judgment on the 25th day of May 1929 [19 S.W.(2d) 355], and the lumber company neither filed a motion for rehearing nor applied for a writ of error to the Supreme Court, but began the removal of the house on June 25, 1929. Davis offered resistance to the removal, claiming that the title and right to the building had become vested in him by virtue of the judgment mentioned. Whereupon, the lumber company applied for and was granted a writ of injunction preventing opposition, and completed the removal of the house on or about July 6, 1929.

Later, in the same proceeding, Davis and wife, for the first time, presented their motion to dissolve the writ of injunction and by way of cross-action sought to recover from the lumber company the rental value of that part of the homestead lot occupied by said defective improvements from June 10, 1927, to July 6, 1929, at the rate of $15 a month, aggregating the amount of $370; and also damages for, annoyance, inconvenience, and physical discomfort caused by said improvements remaining on the homestead lot during said time, in the amount of $500; and the further sum of $100 damages alleged to have been occasioned by the removal of the improvements, together with the value of the improvements, in the amount of $1,500. The court overruled the motion to dissolve the writ of injunction, on the ground, among other things, that the improvements had been actually removed prior to the time when the court was called upon to act upon the motion, and further sustained objections to the cross-plea on the theory that that portion of the original judgment providing that, if said improvements were not removed within said 30 days, the same should be forfeited to Davis and wife, was not supported by the pleadings and was void, and further that the damages sought in the cross-plea other than the $100 occasioned by the removal had been litigated and determined in the original proceeding. Davis and wife having declined to amend, the further order was that the cross-action be dismissed. And it is from this last judgment that Davis and wife have prosecuted the present appeal.

The cross-action was substantially a new suit, and we think there can be no doubt of appellee's contention that the damages claimed, within the jurisdiction of the court on the cross plea, other than the alleged value of the improvements, were involved and disposed of in the original proceedings. So that, the vital question presented and insisted upon in behalf of appellants on this appeal is whether the right and title to the building involved in this controversy became vested in appellants, Davis and wife, prior to its removal by virtue of our affirmance of the court's order contained in the original judgment that a failure of appellee lumber company to remove the house within 30 days

from the date the judgment became final had that effect. It is not contended that literal effect can be given to the terms of the original judgment declaring the forfeiture. In other words, the position of appellants now is that the appeal from the former judgment arrested the operation of that judgment, but that the right of appellants is fixed by the judgment of affirmance by this court and of the undisputed fact that the appellee company failed to remove the house within 30 days from the date of our judgment, on to-wit, May 25, 1929.

We think there can be no merit in this appeal. It is to be noted first that the trial court ruled that the order of forfeiture was void for want of any pleadings in the original case authorizing it. We need not cite authorities in support of the ruling that a judgment unsupported by the pleadings is void and appellant's pleadings in the original proceeding has not been made a part of the present record, and if, therefore, under any circumstances, the court could legally enter such an order, it cannot now be said that the court erred in entering the judgment below declaring the order void and unsupported by the record. But if this be not true, the judgment now under review is supported by other reasons. While, by the strict terms of the common law, time is of the essence of a contract, courts of chancery long since, in order to avoid forfeitures or to ameliorate hardships arising by the enforcement of the strict rule, held that time, in the enforcement of contractual relations of any kind, would not be regarded as the essence of the contract unless made so by express terms, by the nature of the contract or circumstances of the case, or by the nature and condition of the property; the remedy of the complaining party being an action for damages. See Simkins on Equity, 701, and authorities there cited.

[3] We have carefully examined appellants' pleadings in their cross-action and fail to find an allegation of any fact or circumstance relating to the house in question or of its removal which would incline a chancellor to rule that the mere failure of the appellee lumber company to remove the house as ordered within the 30 days allowed would have the effect in equity of vesting in appellants a building for the construction of which they did not pay, and in which, in the original proceeding, they disclaimed any interest and prayed for its removal.

There is yet another answer to appellants' contention in the present appeal. It appears upon the face of appellants' pleadings, as well as from the undisputed facts, that in the former proceedings the judgment below was affirmed by this court on May 25, 1929, as stated; that on the thirty-first day thereafter, appellee began the removal of the house, which was completed within 20 days

thereafter. By article 1877, Rev. Civ. Statutes of 1925, it is expressly provided that:

"Any party desiring a rehearing of any matter determined by any Court of Civil Appeals, may, within fifteen days after the date of entry of the judgment or decision of the court, or the filing of the findings of fact and conclusions of law, file with the clerk of said court his motion in writing for a rehearing thereof."

Another article (1880) provides that a motion for rehearing may be determined at any time after five days from the service of notice upon the opposing party of the filing of the motion of rehearing. Appellee was not compelled to file a motion for rehearing, but it nevertheless was entitled to 15 full days after the rendition of the judgment in which to determine whether a motion for rehearing should be filed. During this period the judgment was inactive under the circumstances shown here. So that we are of the opinion, even though it should be held that the district court in the original proceeding was authorized to enter the order of removal that it did, nevertheless, as appellant in effect assumes, the appeal from that order suspended the operation of the judgment until the final judgment of this court, and the judgment of this court did not become final so as to preclude appellee's right of removal of the house within 30 days until after the expiration of the period allowed appellee for filing its motion for rehearing, and it is undisputed that appellee completed the removal within 20 days after that date.

The judgment below is in all things affirmed.