FRANK D. McKENDALL *vs.* NICK PATULLO.

BURROWS & KENYON, INC. *vs.* NICOLA PATULLO.

APRIL 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. These cases, heard together by agreement, are in this court on the exceptions of each plaintiff to the denial in the Superior Court of their motions to charge the garnishee. The defendant Patullo entered into a contract with the garnishee to build for her two houses with garages for the sum of $16,500 for each house and garage. By the terms of the contract the work was to be completed on or before January 1, 1927, with a penalty of $40 a week for each week the completion was delayed. The last payment of $6,500 on each house was payable sixty days after the completion of the work. The garnishee entered into possession of one house sometime in January or February, 1927, and during April of that year both houses were fully occupied by tenants of the garnishee. The action of the plaintiff McKendall was commenced by writ of attachment and process was served on the garnishee September 8, 1927.

On November 3, she was served with garnishment process in the suit of Burrows & Kenyon, Inc. Each suit was brought to recover the value of materials furnished for the erection of the said houses. The garnishee in the McKendall suit set forth in her affidavit that there was none of the defendant's estate in her hands and possession "than as follows." Then followed a copy of the contract between the defendant Patullo and the garnishee with an averment that the defendant Patullo did not carry out the terms of his contract and that there was a large sum of money due the owner for failure to complete the houses on time; that the owner had numerous other claims against the said Patullo for defective materials and workmanship. She then asked to be made a party to the proceedings and that the court determine what sum, if any, she holds in her hands to which the defendant Patullo is entitled. The garnishee's affidavit in the suit of Burrows & Kenyon, Inc., was to the same effect.

On March 5, 1929, both cases were heard together before a justice of the Superior Court on motions of each plaintiff to charge the garnishee. Said justice refused to charge the garnishee but declined to discharge her. The effect of his decision was to deny the motions without prejudice to renew the same when the amount due defendant Patullo by the garnishee had been ascertained. Thereafter the defendant brought suit against the garnishee which was tried by a justice of the Superior Court without a jury and decision was rendered in favor of the principal defendant for the sum of $2,416.35 and entry of judgment was stayed pending the final determination of the proceedings in garnishment. After the rendition of this decision, Burrows & Kenyon, Inc., issued three writs of mesne process, one of which was issued after the time for filing exceptions to the decision had expired. Motions to charge the garnishee were then filed by each plaintiff. On a hearing of these motions before a justice of the Superior Court, McKendall relied on his original attachment and Burrows & Kenyon, Inc., relied on the attachment by mesne process made after the decision in favor of the defendant Patullo. Both motions were denied; McKendall's on the ground that at the time of his attachment the principal defendant's claim against the garnishee was unliquidated and that of Burrows & Kenyon, Inc., under authority of the rule as laid down in *American Bank* v. *Snow*, 9 R. I. 11, to the effect that a judgment is not subject to garnishment. It is on exceptions to the above rulings that the cases are in this court.

From the record in the various proceedings which by agreement have been made a part of the record before us, it appears that there was at least a conditional acceptance of the houses by the garnishee, that there was due under her contract with the defendant $7,354.35, subject to such reductions as the garnishee might be able to establish by way of recoupment for defective work and materials and for delay in the completion of the houses as provided in the contract.

The garnishee did not in her affidavit expressly say there was none of the personal estate in her hands belonging to the defendant and her recourse to the provisions of Section 24, Chapter 351, General Laws 1923,—which is as follows: "Whenever the personal estate of any defendant is attached on trustee process, any person claiming said personal estate, under an assignment or otherwise, may on his own motion become a party to the action or suit so far as respects the title to said personal estate,"—is tantamount to an admission that there was such personal estate in her hands although uncertain in amount on account of her claim against the principal defendant.

The general rule is that an unliquidated claim cannot be garnisheed. Accordingly claims founded in tort and for breach of contract are not subject to the process as there is uncertainty from the nature of the claim whether anything will ever be due thereunder. In *Carpenter* v. *Gay,* 12 R. I. 306, it was held that, as the principal defendant had not completed his contract to build a house but had abandoned it when only about three-fourths of the work had been done, the garnishee was not chargeable. In *Grimwood Co.* v. *Capitol Hill Bldg. Co.,* 28 R. I. 32, where the attempt was made to garnishee the last payment on a building contract before the work was completed and while the principal defendant was actually engaged in working on the building, it was held that garnishment would not lie.

There is a wide diversity of opinion as to what is an unliquidated claim in determining what claims are subject to garnishment. Some of these difficulties arise from the terms of the different statutes. 12 R. C. L. 795. In some States the statute limits the operation of the process to debts due the principal defendant. Our statute is broader in its terms and requires a disclosure of all personal estate in the hands of the garnishee. G. L. 1923, Chap. 351, Sec. 10.

We have held that there is a class of claims which although unliquidated as to the amount due may, for some purposes, be treated as though liquidated. In *Pearson* v.

*Ryan,* 42 R. I. 83, the allowance of interest on the balance found to be due on a contract was questioned. The contract called for a specified amount but the respondent claimed a substantial amount should be deducted therefrom by way of recoupment on account of unsatisfactory workmanship and material. The claim of recoupment was allowed in part and interest was added to the balance found to be due. In sustaining the action of the court below in this respect, this court said: "Broadly speaking it is generally held that interest on unliquidated demands will not be allowed as damages. Undoubtedly there is a clear distinction between a claim for damages entirely unliquidated, as for example, claims for damages arising from assault and battery . . . which are wholly at large and a liquidated claim where there is an express contract to pay a sum certain at a fixed time. . . . It is in dealing with cases lying between these extremes, where the distinction is less clear and obvious, that courts have so differed in their interpretation and application of the rule as to interest that their decisions are far from harmonious as to when interest may be allowed." See also *Imbriglio* v. *Gazzero,* 43 R. I. 83. The present case meets the test as laid down in *Carpenter* v. *Gay, supra,* in that the principal defendant had a cause of action against the garnishee and is distinguishable from said case and from *Grimwood Co.* v. *Capitol Hill Bldg. Co., supra,* in that the principal defendant had finished his work and the houses were accepted by the garnishee.

It is true that there were substantial deviations from the contract but she entered into possession of the houses and was apparently satisfied to accept them as they were and seek compensation from the defendant for his failure to fully perform his contract out of the funds in her hands.

It was highly improbable that the amount retained, as the event proved, was less than any legitimate claim for recoupment the garnishee might have, and it was practically impossible that it would exactly equal the allowance subsequently made for deviations from that contract. It

was therefore reasonably certain that she had in her hands personal estate belonging to the defendant.

The purpose of the garnishment statute is to render liable for the payment of debts, property that cannot be reached by the direct process of attachment. We see no valid reason why this purpose should be defeated because the amount due the principal defendant is made uncertain by a claim to a part of the fund by the garnishee. While she cannot be immediately charged, the security for the debt is maintained as contemplated by the statute until by appropriate proceedings the amount for which she is chargeable has been determined.

In *Ransom* v. *Bidwell,* 89 Conn. 137, the facts are somewhat similar to the facts in the present case. There the court said: "After the services had been rendered and the owner had taken possession of the building a clear and substantial cause of action arose, and there was an existing obligation to pay the amount which might be found to be due by the proceeding set forth in the contract. This obligation was certain as to the liability to pay, and uncertain only as to the amount for which the owner of the building might be ultimately found to be obligated. This claim was like any other claim of indebtedness, where the amount of the claim was capable of being controverted."

From the record it appears that the funds attached in the hands of the garnishee are insufficient to satisfy the claims of both of the plaintiffs.

In the case Ex. 7055, *Frank D. McKendall* v. *Nick Patullo,* the exceptions of the plaintiff are sustained and the case is remitted to the Superior Court with direction to hear the parties and charge the garnishee for the amount of her liability growing out of the said decision in favor of the principal defendant, if less than the judgment to be entered in this action, otherwise to the amount of said judgment.

In the case Ex. 7056, *Burrows & Kenyon, Inc.* v. *Nicola Patullo,* the exceptions of the plaintiff are sustained and

the case is remitted to the Superior Court with direction to hear the parties and charge the garnishee for the amount in her hands remaining after she has been charged in the action Ex. 7055, *Frank D. McKendall* v. *Nick Patullo*.

When the funds in her hands have been applied as aforesaid an order will be entered in the Superior Court in the suit of the principal defendant against the garnishee, after judgment has been entered against her, that said judgment has been fully satisfied.

*McGovern & Slattery, James A. Higgins,* for Frank D. McKendall.

*Ralph M. Greenlaw, Edwin J. Tetlow,* for Burrows & Kenyon, Inc.

*Michael Addeo,* for respondent.

*Knauer & Fowler, Frank H. Bellin,* for Sheindel Tanenbaum, Garnishee.