190

5-928                                    288 S. W. 2d 600

Opinion delivered April 2, 1956.

*Frank C. Douglas,* for appellant.

*Percy A. Wright,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, C. A. Jolliff, has a judgment against appellant, Joseph Washington, in the sum of $2,090.00. Jolliff procured a writ of garnishment against the Caldwell & Still Gin Company and George Thompson, alleging that the garnishees were indebted to Washington. The garnishment was sustained by the Chancery Court, and Washington has appealed.

Appellant, Joseph Washington, is one of eight sons and daughters of Tom Washington, who died in 1944, leaving a 40 acre farm. The status of Joseph's interest in the farm is the issue here. The garnishee, George Thompson, leases the place, and pays $1,000.00 per year rent. In accordance with an agreement between the parties, he pays the rent to the other garnishee, Caldwell & Still Gin Company. The money is then used to pay the taxes, and the balance is used for the benefit of Mat

T. Washington, a minor son of Tom, and a brother of Joseph.

On appeal, Joseph Washington contends: First, that the property is the homestead left by his father, Tom Washington, and that the minor, Mat T., is entitled to the use of the property as a homestead, or the income therefrom until he becomes of age. See Arkansas Constitution, Article 9, Section 6. Appellant's contention in this respect cannot be sustained, because there has been a judicial determination that the property is not the homestead of the minor children of Tom Washington. The decree was entered by the Mississippi Chancery Court, Osceola District, July 24, 1950. Mat T., represented by a guardian, was a party to that case, and there was no appeal from the decree.

Next, Joseph says that his part of the income is exempt from garnishment because his part of the property constitutes a homestead. Also, he has filed a schedule claiming as exempt his part of the rent because he is a married man, and does not own property of the value of $500.00. See Arkansas Constitution, Article 9, Section 2. On July 17, 1952, the Mississippi Chancery Court made a finding that the property did constitute the homestead of Joseph. But, the question is, has he since that time abandoned the property as his homestead? In our opinion, the evidence sustains the finding of the Chancellor that there has been such an abandonment. Joseph moved to Detroit in 1952; has lived and worked in that city since that time, and the circumstances indicate that he does not intend to return to Arkansas. And, as to his claim of exemption under Article 9, Section 2 of the Constitution of Arkansas, he cannot claim benefit of the exemption laws of this State, since he is a non-resident. *Person* v. *Williams-Echols Dry Goods Company*, 113 Ark. 467, 169 S. W. 223.

The decree is affirmed.