Carmelita WOOD, for the Benefit of Herself and Her Minor Children, William Michael Wood, Gordon Allen Wood and Pamela Diane Wood, and Carmelita Wood, in her own right, Plaintiff,

v.

James C. BENNETT and George Isenhower, Defendants.

No. 1389.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Sept. 1, 1959.

McMath, Leatherman & Woods, Little Rock, Ark., for plaintiff.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On January 27, 1959, the plaintiff, for the benefit of herself and minor children, recovered a judgment for $50,000 against the defendants, James C. Bennett and George Isenhower.

On February 6, 1959, the defendants filed a motion that the verdict and judgment be set aside and for judgment for defendants in accordance with their motion for directed verdicts or for a new trial.

On March 4, the court entered an order overruling the motions, and on April 2, 1959, the defendants filed their notice of appeal but did not file a supersedeas bond. They did file a bond for costs.

On June 29, 1959, an execution was issued against the defendant, George Isenhower, and on July 1, 1959, the United States Marshal returned the execution and stated in his return that it was returned unexecuted for the reason that George Isenhower could not be found in the Western District of Arkansas and that he was unable to find any property to satisfy the judgment.

On June 29, 1959, the plaintiff filed a petition for writ of garnishment with interrogatories attached directed to Reserve Insurance Company, incorporated under the laws of the State of Illinois and authorized to do business in the State of Arkansas.

On July 13, 1959, the insurance company, appearing specially and solely, filed its motion to quash the writ of garnishment and interrogatories attached thereto.

Upon the filing of the motion to quash the petition for writ of garnishment and interrogatories, the court was unable to find time to consider the motion, and on July 31 entered an order directing the Clerk to proceed to issue the writ of garnishment as petitioned for by plaintiff "without prejudice to the said motion to quash filed by the said Reserve Insurance Company." The writ of garnishment was served August 3, 1959, on the Insurance Commissioner of the State of Arkansas by the United States Marshal for the Eastern District of Arkansas.

On August 21, 1959, the Reserve Insurance Company renewed its motion to quash and dismiss the writ of garnishment, and in the same document answered the interrogatories propounded to the garnishee.

On August 27, 1959, the plaintiff filed her response to the motion to quash and dismiss the writ of garnishment. By this response the plaintiff denies the answers made by the insurance company to the interrogatories and further pleads that the insurance company is estopped from asserting that it is not indebted to the defendants by reason of the issuance of a policy of liability insurance.

The parties have submitted briefs in support of their respective contentions, which briefs have been fully considered, and in addition to the authorities cited the court has made a rather extensive independent investigation of the relevant authorities.

Prior to the enactment of Act 196, Acts of 1927, which now appear as Ark.

Stat.Ann., Secs. 66–526, 66–527, (1957 Rpl.), the injured plaintiff had no cause of action at any time against the liability insurance carrier of the defendant. The liability insurance carrier was neither a necessary nor a proper party to a direct suit for damages. Universal Automobile Ins. Co. v. Denton, 185 Ark. 899, 909, 50 S.W.2d 592.

Section 2 of the statute above referred to provides that the injured person shall be subrogated to the right of the assured named in the policy and that such injured person may maintain a direct cause of action against the liability insurance carrier for the amount of the judgment rendered against such assured not exceeding the amount of the policy. However, Section 1 of the statute provides that, as a limitation against such a suit by the injured person, a judgment must have been obtained against the assured and an execution issued and returned nulla bona.

The statute defines the public policy of Arkansas, and the court in Universal Automobile Ins. Co. v. Denton, supra, 185 Ark. at page 909, 50 S.W.2d at page 595, said that the statute created a cause of action which would not otherwise exist, and a "cause of action thus created can only be maintained under conditions specified."

See, also, an article written by Robert L. Jones of the firm of Shaw, Jones & Shaw, Fort Smith, Arkansas, and appearing in 11 Arkansas Law Review, page 10.

The plaintiff contends that, since she obtained a judgment which is unsatisfied, she is entitled to a hearing on the petition for writ of garnishment, and relies to a great extent upon Person v. Williams-Echols Dry Goods Co., 113 Ark. 467, 169 S.W. 223; Hartford Fire Ins. Co. v. Citizens Bank of Booneville, 166 Ark. 551, 266 S.W. 675, 39 A.L.R. 1458; and London & Lancashire Ins. Co. v. Payne, 180 Ark. 638, 22 S.W.2d 165. The court has examined those decisions and does not think they are controlling.

In Missouri Pacific R. Co. v. McLendon, 185 Ark. 204, the court, beginning near the bottom of page 207, 46 S.W.2d 626, at page 627, said:

"The remedy given by garnishment is purely statutory, and the statute must be strictly construed. Beasley v. Haney, 96 Ark. 568, 132 S.W. 646; Trowbridge & Jennings v. Means, 5 Ark. 135; 9 Enc. Pleading & Practice 809; Rood on Garnishment, § 352.

"The Michigan court said: 'All the proceedings in this case are special and statutory, and must be strictly construed. To entitle the defendant to the benefit he claims under them, he must show they are clearly within the provisions of the statute. Statutes of garnishment, at best, give a "harsh and peculiar remedy," and ought not to be resorted to when the redress sought may be obtained through common-law proceedings. * * *' Iron Cliffs Co. v. Lahais, 52 Mich. 394, 18 N.W. 121."

The McLendon case, supra, was cited with approval in Allen v. Stracener, 214 Ark. 688, 217 S.W.2d 620.

By the adoption of the 1927 Act the Legislature undertook to safeguard the rights of persons who were injured through the tortious conduct of another, and prescribed certain conditions that must exist before such rights might be asserted.

The present garnishment statute was in full force and effect in 1927, but it was generally thought then and, so far as the writer knows, it seems to be the law in Arkansas today that garnishment did not lie against a liability insurance carrier and the Legislature evidently recognized that as the law when it provided the present procedure. The procedure provided gives the liability insurance carrier its day in court where the facts may be developed, the law applied, and the question of whether the policy was in force and effect at the time of the injury can be determined in a court by such plenary

208

procedure. See Commercial Casualty Ins. Co. v. Leonard, 210 Ark. 575, 196 S.W.2d 919.

The Supreme Court of Arkansas in Wyatt Lumber & Supply Co., Inc., v. Hansen, 201 Ark. 534, at page 538, 147 S.W.2d 366, at page 368, quoted from the case of McKendall v. Patullo, 52 R.I. 258, 160 A. 202, 82 A.L.R. 1111, as follows:

" 'It is held that, in order that a garnishee may be charged, there must be an existing debt at the time of the service of the garnishment, and not a mere conditional or contingent liability. So, in the case of a construction contract, where the employer is not to become indebted to the contractor until performance in all particulars, there is no indebtedness owing to the contractor which may be reached in a garnishment proceeding until the terms of the contract have been performed.' "

In National Mutual Casualty Co. v. Blackford, 1940, 200 Ark. 847, at page 851, 141 S.W.2d 54, the Supreme Court of Arkansas said:

"If a judgment is obtained on a retrial against the insured, the appellees have a complete remedy against the Casualty Company, if such judgment is not paid."

The fact that an appeal has been perfected from the judgment recovered by plaintiff does not prevent the maintenance of a direct action against the liability insurer. See Cassidy v. Southern Farm Bureau Cas. Ins. Co., D.C.W.D. Ark.1955, 135 F.Supp. 757.

The court is convinced that the writ of garnishment was improvidently issued and the motion of the alleged liability insurance carrier of defendants should be sustained, and an appropriate order is being entered today dismissing the petition for writ of garnishment and quashing the writ issued herein on July 31, 1959, and discharging the garnishee, Reserve Insurance Company, without prejudice to plaintiff to take such other action as the law provides for the collection of the judgment.