Joe CARTER, Plaintiff,

v.

William M. BEDFORD and Owens-Illinois, Inc., Defendants.

No. FS–75–137–C.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 8, 1976.

Robert S. Blatt, Fort Smith, Ark., for plaintiff.

Donald P. Callaway, of Bethell, Callaway & Robertson, Fort Smith, Ark., for defendants.

## OPINION

JOHN E. MILLER, Senior District Judge.

This suit was filed in this court on September 26, 1975, in which the plaintiff is

seeking a judgment against the defendants for damages allegedly suffered by plaintiff in a collision between plaintiff's pickup truck and a tractor trailer owned by defendant Owens-Illinois, Inc., and driven by William M. Bedford, an employee of Owens-Illinois. Later the complaint against the defendant Bedford was dismissed.

The defendant Owens-Illinois filed its answer on October 21, 1975, in which it denied the allegations of the complaint and alleged that the collision between the motor vehicles was caused by the negligence of plaintiff in the operation of his pickup truck.

On May 5, 1976, the defendant Owens-Illinois commenced an action in the Sebastian County Circuit Court to which Carter has responded. The case has been set for trial in the state court to begin October 18, 1976.

The plaintiff Carter is a citizen of Arkansas and a resident of the City of Fort Smith. The defendant Owens-Illinois, Inc., is a corporation incorporated in a state other than Arkansas and maintains its principal office in Toledo, Ohio. Thus, the court has jurisdiction of the cause by diversity of citizenship of the parties and the amount involved.

On October 4, 1976, the plaintiff Carter filed a motion for stay, in which he alleged that the defendant has not filed a counterclaim in this cause although the subject matter of the state court action arose out of the same occurrence as plaintiff's cause of action now pending in this court. In paragraph III of the motion plaintiff alleged:

"Pursuant to 28 U.S.C. 2283, this court should in aid of its jurisdiction stay the pending State Court proceeding which is set for trial on the 18th day of October, 1976, until the trial can be had in this Court for the above captioned cause."

Plaintiff prays that this court enter an order in accordance with the provisions of 28 U.S.C. § 2283 and the Federal Rules of Civil Procedure staying the trial of the cause pending in the Sebastian County Circuit Court.

On October 6, 1976, the defendant, pursuant to Rule 15, Fed.R.Civ.P., filed its motion for an order permitting the filing of a counterclaim, and on October 7, 1976, the court entered an order authorizing the said defendant to file its counterclaim.

The parties have submitted briefs in support of their respective contentions relative to the motion to stay and the response thereto.

The plaintiff in support of his motion to stay cites and relies on Rule 13(a), Fed.R. Civ.P., and quotes from 3 Moore's Federal Practice, ¶ 13.14(a), page 13–334:

"What are the consequences where D disobeys Rule 13(a) and commences a suit against P in either state or federal court? Normally, the first suit should have priority, absent a showing of a balance of convenience in favor of the second action. However, no mechanical chronological rule ought to govern since the modern availability of declaratory judgments and other litigation-forcing devices present a variety of circumstances giving rise to role reversals and races to the court house. These circumstances call upon both courts to exercise various tools in the art of judicial administration to reach a just result while avoiding multiplicity of litigation. Such tools include removal and consolidation, dismissal or stay, transfer and consolidation, or referral to the panel on multi-district litigation. Nevertheless a few principles stand out. The effect of Rule 13(a) is to authorize the first federal court to enjoin the second proceeding, but the second federal court need not dismiss the case filed therein until the first has proceeded to judgment. Of course, if the second court is a state court, a federal injunction may be barred by 28 U.S.C. § 2283."

Title 28, U.S.C. § 2283, is as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Plaintiff contends that since the statute provides that the court may enjoin a state court in order to protect the judgment or

decree or when such state court action may interfere or effectuate a judicial determination. It will be noted that the statute provides that the court may not grant an injunction to stay in a state court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction or to protect or effectuate its judgments.

The counterclaim of defendant may be held as compulsory, but even if it is compulsory, there is no compulsion on the part of a defendant to file a counterclaim, but in the event it does not file a compulsory counterclaim and the case is tried and disposed of without such counterclaim, the question of res adjudicata arises as to the enforcement of any judgment.

In 6 Wright and Miller, Federal Practice and Procedure, § 1418, page 106, the learned authors state:

"Clearly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state court proceedings. Thus, if a party asserts a claim in a state court that is a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state proceeding. In this situation the general objective underlying Rule 13(a) of avoiding multiple suits is outweighed by the express statutory policy prohibiting federal interference with the functioning of state judicial systems. The result is that in the absence of voluntary restraint by one of the courts, both the federal and the state actions will proceed toward judgment and the first to reach that point will serve as the basis for asserting a res judicata or collateral estoppel defense in the action that is still being adjudicated."

In *Donovan v. City of Dallas*, (1964) 377 U.S. 408, at page 412, 84 S.Ct. 1579, at page 1582, 12 L.Ed.2d 409, the court said:

"That rule has continued substantially unchanged to this time. An exception has been made in cases where a court has custody of property, that is, proceedings *in rem* or *quasi in rem*. In such cases this Court has said that the state or federal court having custody of such property has

exclusive jurisdiction to proceed. *Princess Lida v. Thompson*, 305 U.S. 456, 465–468, 59 S.Ct. 275, 83 L.Ed. 285. In *Princess Lida* this Court said 'where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.' "

In *Hayes Industries, Inc., v. Caribbean Sales Associates, Inc.*, (1 Cir. 1968) 387 F.2d 498, at page 502, the court said:

"The answer has been well expressed in *Carson v. Dunham*, 1889, 149 Mass. 52, 20 N.E. 312, 3 L.R.A. 202. For over a hundred years federalism has recognized multi-state rights and the concept of comity. See *Toucey v. New York Life Ins. Co.*, 1941, 314 U.S. 118, 129–132, 134 n. 5, 62 S.Ct. 139, 86 L.Ed. 100. For reasons we have given, the federal court, in the normal course, cannot enjoin the state court. Correspondingly, the state court cannot enjoin the federal court. *Donovan v. City of Dallas*, 1964, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409. Whatever may be the inconveniences, comity is to be preferred to combat."

In *State v. Nelson, Berry Petroleum Co.*, (1969) 246 Ark. 210, at page 218, 438 S.W.2d 33, at page 39, the court said:

"The next point relied upon by appellant is the assertion that the chancellor erred in denying appellant's motion for a stay. The granting or denial of a stay or continuance is a matter lying within the sound judicial discretion of the trial court. *Phillips v. Nowlin*, 238 Ark. 480, 382 S.W.2d 588. It has never been held that the pendency of an action in the federal courts is a ground for a continuance or abatement of an action in our state courts. See *Boynton v. Brown*, 103 Ark. 513, 145 S.W. 242. If the chancery court was in error through manifest abuse of discretion in refusing the stay, that error is correctable on appeal from a judgment adverse to appellants, at the proper time. *Keenan v. Strait*, 221 Ark.

83, 252 S.W.2d 76; *Burriss v. Wise & Hind*, 2 Ark. 33; *Great American Ins. Co. v. Stevens*, 178 Ark. 84, 10 S.W.2d 356."

The motion of plaintiff for stay is without merit, and an order will be entered overruling and denying said motion.