### PARSONS v
### AETNA LIFE INSURANCE CO

Ohio Appeals, 9th Dist, Summit Co

No 2255. Decided Nov 17, 1933

James W. Young, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Many authorities have been cited by counsel for the parties, and the court has made exhaustive inquiry into the authorities cited. The question here presented is this: Can a resident of the state of Ohio, in an action where constructive service upon a defendant, nonresident of the state of Ohio, is obtained by virtue of attachment and garnishment proceedings, reach, by way of garnishment, a debt owing from a nonresident corporation authorized to do business in the state of Ohio, to the nonresident defendant?

It will be observed that the debt owing from Katie Stewart to this plaintiff was contracted in Ohio. It will be further observed that the debt owing from the defendant the Aetna Life Insurance Co. to Katie Stewart, was contracted while she was a resident of Ohio, in pursuance of a contract executed in Ohio.

A case wherein a situation almost identical with the instant case was considered, is the case of **Riter-Conley Mfg. Co. v John Mzik,** 3 C.C. (N.S.) 125, decided Nov. 11, 1901, of which syllabi Nos. 1 and 2 are as follows:

"1. Where a foreign corporation is prosecuting business in Ohio, and is capable of suing and being sued in the courts of this state, it is subject to garnishment in a case wherein an attachment may rightfully issue.

"2. And the garnishment is not defeated by the fact that the property reached by the garnishee process is a debt owing by the garnishee to a nonresident."

The main consideration in cases such as is here presented, it would seem, is whether the jurisdiction over the garnishee is such as would give the particular court power to render judgment upon the claim, if asserted therein by his creditor.

In the case of Harris v Balk, 198 U. S. 215, decided May 8, 1905, the court, at p. 222, said:

"Attachment is the creature of the local law; that is, unless there is a law of the state providing for and permitting the attachment it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state. We do not see how the question of jurisdiction **vel non** can properly be made to depend upon the so-called original **situs** of the debt, or upon the character of the stay of the garnishee, whether temporary or permanent, in the state where the attachment is issued. Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ issues. Blackstone v Miller, 188 U. S. 189, 206. If, while temporarily there, his creditor might sue him there and recover the debt, then he is liable to process of garnishment, no matter where the **situs** of the debt was originally. We do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings. If by **situs** is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the **situs** thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. * * * In such case the **situs** is unimportant. It is not a question of possession in the foreign state, for possession cannot be taken of a debt or of the obligation to pay it, as tangible property might be taken possession of. Notice to the debtor (garnishee) of the commencement of the suit, and notice not to pay to his creditor, is all that can be given, whether the garnishee be a mere casual and temporary comer, or a resident of the state where the attachment is laid. His obligation to pay to his creditor is thereby arrested and a lien created upon the debt itself. * * * We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that state and its laws permitted the attachment."

The defendant, the Aetna Life Insurance Co., maintains an office in the city of Akron, which office is under the management of one of its agents. That being true, service of summons could be made upon said defendant company in the city of Akron in a case between Katie Stewart (the creditor of the defendant) and the defendant itself.

Thompson on Corporations (3rd ed.) makes the following statements with reference to the question here involved:

"The decisions are not harmonious on the question of jurisdiction where the garnishee and his creditor are residents of different states, but the weight of authority seems to be with the view that jurisdiction in garnishment over residents of a state depends not upon the situs of the debt, but upon the fact that the garnishee corporation is subject to process in the state. In other words, wherever the creditor might maintain a suit to recover the debt, such debt may be attached as his property provided the laws of such place authorize it. For the purpose of this proceeding a debt has a situs wherever the debtor or his property can be found, and this without regard to whether the debt is payable in such jurisdiction or not. The debt is a debt everywhere." Vol. 5, §3375.

"A foreign corporation doing business in the state and subject to process therein may be garnisheed for a debt owing to a nonresident, 'though it was incurred outside the state." Vol. 7, §5829.

"Where jurisdiction in an action against a nonresident is obtained by constructive service of process, a foreign insurance company doing business in the state of suit may be subjected to garnishment for money due from it to the nonresident defendant." 1931 Supplement, §3375. (Citing London, etc., Ins. Co. v Payne, 180 Ark. 638, 22 SW [2d] 165).

The rule was laid down by our Circuit Court in Riter-Conley Mfg. Co. v Mzik, supra, as follows:

"But if, as in this case, the garnishee is a foreign corporation, but by virtue of the statute of this state and, by a compliance therewith is prosecuting its business within the state and is capable of suing and being sued in the courts of this state, it is subject to garnishee process in any action against its creditor in which an attachment may rightfully issue."

The court further said:

"Indebtedness is a thing of substance and of value. It can be sold and assigned, its payment enforced by the creditor in an action in any court in whose jurisdiction legal service of process can be served on the debtor."

The reasoning of the court in this case, although it preceded the case of Harris v Balk, supra, is entirely consistent with the reasoning of the latter case, and this court approves of and adopts the reasoning contained in the opinions of both of said cases.

It is not controverted that Katie Stewart could enforce her claim against the defendant in the court from which this attachment issued; then for what reason cannot this debt, as well as tangible property of Katie Stewart, be reached by attachment? The right in respect to it can be enforced by Katie Stewart in an action at law in the tribunals of this state. She may enforce its collection, receive payment in full, and take the proceeds beyond the jurisdiction of the court.

We know of no good reason for denying the plaintiff the right to reach this property by garnishment in attachment proceedings, nor for sustaining the plea of the defendant garnishee that this property is not subject to attachment in this state.

The judgment of the trial court will be reversed, and this cause remanded for further proceedings in accordance with this opinion.

WASHBURN, PJ, and FUNK, J, concur in judgment.