**OHIO LOAN & DISCOUNT CO., Plaintiff-Appellant v ERIE RAILROAD CO. et al., Defendants-Appellees.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 19133. Decided April 26, 1943.

M. I. Selman and H. A. Gaynor, for plaintiff-appellant.
Bushnell, Burgess & Fulton, Cleveland, for defendants-appellees.

**OPINION**

By MORGAN, P. J.

This case is an appeal from the action of the Municipal Court of Cleveland in granting a motion of The Erie Railroad Company to dismiss garnishment proceedings against it procured by the filing by plaintiff of an affidavit in aid of execution on a cognovit judgment previously recovered by the plaintiff against the two other defendants, Sieman and Murray.

The facts were stipulated by the parties as follows:

"The defendants are employees of The Erie Railroad Company, a New York corporation doing business in the State of Ohio and in the State of New York.

On the 10th day of April, 1942, after default of defendants, the plaintiff obtained a judgment against the defendants in the amount of Eighty-nine and 56/100 Dollars ($89.56) plus court costs. On April 13, 1942, execution was issued against the defendants for judgment and costs, and on April 20, 1942, the execution was returned endorsed 'no money made; not satisfied.'

Before the plaintiff obtained said judgment, the defendants were transferred by their employer, The Erie Railroad Company from Cleveland, Ohio, to New York City, where they now reside and are employed by the same employer in its freight traffic department at 50 Church Street. New York City, New York; and all services performed by said defendants for the Erie Railroad Company are performed at said address; and all salaries paid them are paid them at said address."

The transcript shows that on September 25, 1942, an affidavit in aid of execution was filed and an order issued on The Erie Railroad Company. Following a reference the referee filed his report and on November 4, 1942 it was approved and confirmed. By this report the defendants, Sieman and Murray were given the benefit of the garnishment statutes of the state, as their claim against The Erie Railroad Company, the garnishee, was for wages.

Later, on motion of The Erie Railroad Company the entry of November 4th was vacated and the proceedings in aid of execution and the order of garnishment were dismissed. From this judgment the plaintiff appeals.

The question presented for decision in this case has arisen repeatedly in the courts of this country. The decisions have not been at all uniform. These cases are collected in a note to the case of the Mercantile Company v Weber, and The Northern Pacific Railroad Company (109 N. W. 620 N. D.) found in 27 A. L. R., 1396.

It is our opinion that the question in this case is the same as the one decided by the Supreme Court of the United States in Harris v Balk, 198 U. S. 215 (1905). In that case a citizen of North Carolina who owed money to another citizen of that state, was, while temporarily in Maryland, garnisheed by a creditor of the man to whom he owed the money. Judgment was duly entered according to the practice in Maryland and was paid. Thereafter, the garnishee was sued in North Carolina by the original creditor and the garnishee set up as a defense the garnishee judgment and payment in the State of Maryland. The North Carolina courts held that as the situs of the debt was in North Carolina, the Maryland judgment in the garnishment proceeding was not a bar and awarded judgment against the defendant.

The Supreme Court held that the holding of the North Carolina courts was erroneous because, as stated in paragraph 2 of the syllabus in Harris v Balk:

"As, under the laws of Maryland, the garnishee could have been sued by his creditor in the courts of that state he was subject to garnishee process if found in the State even though only there temporarily, no matter where the situs of the debt was originally."

In the case before us the Erie Railroad Company is in Ohio permanently and not temporarily and it is conceded that the Ohio courts would have jurisdiction in any case brought against The Erie Railroad Company in Ohio by Sieman and Murray for wages due them for services rendered in New York. It is clear, therefore, that if Harris v Balk, supra, is to be followed in this state the lower court erred in dismissing the garnishment proceedings in this case.

The Supreme Court also held in Harris v Balk that the garnishee in the payment of the judgment against him awarded in Maryland, had the protection of the full faith and credit clause of the Federal Constitution and that therefore no valid judgment could thereafter be secured in the State of North Carolina by his original creditor; provided, however, that such a creditor had been given due notice of the Maryland garnishment. On this point the Supreme Court stated:

"Generally, though, the failure on the part of the garnishee to give proper notice to his creditor of the levying of the attachment would be such a neglect of duty on the part of the garnishee which he owed to his creditor as would prevent his availing himself of

the judgment in the attachment suit as a bar to the suit of his creditor against himself, which might therefore result in his being called upon to pay the debt twice."

The Supreme Court in Harris v Balk does not suggest that the failure of the garnishee to notify his creditor of the garnishment proceedings would have any effect on the validity of the garnishment.

The cases in Ohio like those in the country at large are in conflict on the question before us in the present case. The cases of **American Sheet & Tinplate Co. v Lewis, 20 C. C. R. (N. S.) 443 (1911),** and of **Emerman et al., partners, etc. v Trimble-Mudge & Co., 11 O. A. R., 360 (1917)** are opposed to the decision in Harris v Balk. In neither case, however, is Harris v Balk cited or discussed.

In **Reiter & Conley Mfg. Co. v Mzik, 3 C. C. R. (N. S.), 125 (1901)** the then Circuit Court of Cuyahoga County decided that:

"Where a foreign corporation is prosecuting business in Ohio and is capable of suing and being sued in the courts of this state it is subject to garnishment in a case wherein an attachment may rightfully issue and the garnishment is not defeated by the fact that the property reached by the garnishee process is a debt owing by the garnishee to a non-resident."

With reference to contrary decisions in other jurisdictions, the court said:

"The cases announcing a contrary doctrine hold that the situs of the debt is with the creditor and with his domicile and if the creditor be a non-resident the debt is not within the jurisdiction of the court. This may be the rule where specific tangible property is sought by proceedings in garnishment, but does not apply to proceedings in garnishment for the attachment of a debt."

The reasoning of the Circuit Court of this county in 3 C. C. R. (N. S.), 125, is substantially the same as in Harris v Balk which was not decided by the Supreme Court of the United States until four years later. The Circuit Court said in 3 C. C. R. (N. S.), 125 at page 129:

"It is not controverted that the plaintiff in error could enforce its claim against The American Steel & Wire Company in the court from which this attachment issued. Then, for what reason can not this debt as well as tangible property of the plaintiff in error be reached by attachment? The right in respect to it can be enforced by the plaintiff in error in an action at law in the tribunals of this state. He may enforce its collection, receive payment in full and take the proceeds beyond the jurisdiction of the court."

A more recent case is **Parsons v Insurance Co., 15 Abs. 494,** decided by the Ninth District Court of Appeals of Ohio in 1933. In this case the court decided, (syllabus 1):

"A debt contracted in Ohio to a resident of the State by a foreign corporation doing business in the State is subject to garnishment at the suit of a resident after the creditor has become a nonresident."

The above case in the Ninth District is to be distinguished from the case before us, by the fact that in the former case the claim of the creditor of the garnishee originated in Ohio, although the creditor later became a non-resident. The Ninth District Court of Appeals, however, quoted at length with approval from the case of Harris v Balk, in which case the debt of the garnishee was not contracted in Maryland, the State of the garnishment proceedings, but in North Carolina.

There is an interesting discussion of this whole question in Beale on Conflict of Laws, pages 460-466. Professor Beale states that Harris v Balk is "opposed to the decisions of many of the best courts in this country." He admits, however, that:

"On the whole, however, even before the decision in Harris v Balk the weight of authority allowed the garnishment of a resident garnishee though he was not domiciled in the state and the debt was not payable there."

Professor Beale recognizes that Harris v Balf has established the law in this country in the following words:

"Since the decision in Harris v Balk, the rule is necessarily established everywhere in the United States that any state has jurisdiction (if it chooses to exercise it) to garnish any debt owed by a person subject to process and any state must give full faith and credit to the garnishment."

Professor Beale was the Reporter of the American Law Institute in its Restatement of the Law of Conflict of Laws. The Restatement, on this question, does not reflect the doubts of the Reporter but states the law to be what it has been pronounced to be by the highest court in the land. See Section 108 Restatement of Conflict of Laws:

"A state can exercise through its courts jurisdiction to compel payment by a debtor who is subject to the jurisdiction of the state of a claim against him in favor of his creditor and to apply the proceeds to the satisfaction of a claim asserted by a third person,

as plaintiff, against the creditor, although the state has no juris-diction over the creditor."

There is one other fact in this case which should be pointed out. Before the garnishment proceedings were instituted, the plaintiff had secured a valid judgment in the Municipal Court of Cleveland against his debtors, Siemen and Murray, on a cognovit note. The case of Harris v Balk (supra) however, would sustain the garnishment even if the sole claim of jurisdiction of the Ohio court rested on the garnishment proceedings.

The judgment is reversed and cause remanded. Exceptions.

SKEEL, J., concurs.
LIEGHLEY, J., dissents.